ARNDT v DEPARTMENT OF LICENSING AND REGULATION

Docket No. 80882. Submitted June 25, 1985, at Detroit.—Decided September 30, 1985.

Petitioner, Michael J. Arndt, a licensed builder, entered into a building contract to construct an addition onto the residence of Alfredo Puzzuoli. Mr. Puzzuoli thereafter filed a complaint in regard to petitioner's performance of the contract with respondent, State of Michigan, Department of Licensing and Regulation, Bureau of Realty and Environmental Services, Residential Builders and Maintenance and Alteration Contractors Board. Following a hearing, the hearing examiner recommended that petitioner be fined $300 as a condition of continued licensure. The respondent board thereafter issued a final order which imposed a fine of $1,800 and ordered that petitioner's license be suspended for six months after payment of the fine. Mr. Arndt then filed a petition for a review of the final order with the Macomb Circuit Court. The circuit court, Frank E. Jeannette, J., issued an opinion and order affirming the respondent's final order. Petitioner appeals from the circuit court's opinion and order. *Held:*

1. The evidence was clear that there were violations of the Occupational Code, verified by a building inspector.

2. The findings of fact and conclusions of law were based on competent, material and substantial evidence and were properly affirmed by the circuit court.

3. The $1,800 fine imposed on the petitioner was not excessive, nor an abuse of discretion.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — SCOPE OF REVIEW.

The Administravtive Procedures Act provides that, except when a

REFERENCES

Am Jur 2d, Administrative Law §§ 397 *et seq.,* 610 *et seq.*

Am Jur 2d, Building and Construction Contracts §§ 11, 26 *et seq.*

Am Jur 2d, Evidence §§ 1163 *et seq.*

Liability of builder or subcontractor for insufficiency of building resulting from latent defects in materials used. 61 ALR3d 792.

Construction contractor's liability to contractee for defects or insufficiency of work attributable to the latter's plans and specifications. 6 ALR3d 1394.

statute or the constitution provides for a different scope of review, the reviewing court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following: (1) in violation of the constitution or a statute; (2) in excess of the statutory authority or jurisdiction of the agency; (3) made upon unlawful procedure resulting in material prejudice to a party; (4) not supported by competent, material and substantial evidence on the whole record; (5) arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion; (6) affected by other substantial and material error of law; the reviewing court, as appropriate, may affirm, reverse or modify the decision or order or remand for further proceedings (MCL 24.306; MSA 3.560[206]).

2. EVIDENCE — SUBSTANTIAL EVIDENCE.

Substantial evidence is that evidence which a reasoning mind would accept as sufficient to support a conclusion; it consists of more than a scintilla of evidence but may be substantially less than a preponderance of the evidence.

3. ADMINISTRATIVE LAW — HEARING EXAMINERS — APPEAL.

The Court of Appeals will affirm the findings of a hearing examiner as long as such findings are not contrary to law and are supported by competent, material and substantial evidence, even if the Court might have reached a different result had it been making the initial decision; it is not a reviewing court's function to resolve conflicts in the evidence or to pass on the credibility of witnesses; great deference is given to the findings of the hearing examiner because, as the trier of fact, he or she had the opportunity to hear the testimony and view the witnesses.

4. LICENSES — RULES OF CONDUCT — BUILDERS.

A licensed builder violates a rule of conduct of his occupation where he performs poor workmanship or workmanship not meeting the standards of the custom or trade verified by a building code enforcement official (MCL 339.604[c], 339.2411; MSA 18.425[604][c], 18.425[2411]).

*Martin J. Beres,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Walter V. Kron* and *Larry G. Watterworth,* Assistants Attorney General, for respondent.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Petitioner appeals as of right from a September 19, 1984, order and opinion of the Macomb County Circuit Court affirming a final order for the suspension of a license issued by respondent, the Department of Licensing and Regulation, Bureau of Realty and Environmental Services, Residential Builders and Maintenance and Alteration Contractors Board (board).

This action stems from a building contract entered into on April 14, 1980, by petitioner and Alfredo Puzzuoli to construct an addition onto Mr. Puzzuoli's residence. Petitioner has been a licensed builder since October 24, 1980. Apparently, there were problems with the work being done by petitioner. Mr. Puzzuoli was dissatisfied with the sewer installation, the concrete in the bathroom, the header supports, the aluminum trim, the vinyl siding, the doorwall, the roof construction, and ruts left in his yard by a cement truck. Mr. Puzzuoli filed a complaint with the Department of Licensing and Regulation on May 19, 1981.

An investigative hearing was begun on August 5, 1982, and concluded on September 28, 1982. The hearing examiner submitted a report on December 10, 1982, indicating that the addition to Mr. Puzzuoli's house was inspected by Michael Jozefiak, a Clinton Township building inspector. The building inspector reported that window leaks, the vinyl siding, tire ruts, and the failure to use Wolmanized (treated) lumber for the sole plates were main items of concern. He found that the doorwall was installed improperly, as was the aluminum trim, and that these items constituted poor workmanship. The building inspector also found that the new roof was installed with a dip and not only

constituted poor workmanship but was a structural defect. Petitioner, aware of Mr. Puzzuoli's complaints, claimed that he did nothing to correct them because he believed he was not allowed on the property and also because Mr. Puzzuoli had refused to pay the remaining amount due on the contract.

The hearing examiner recommended that petitioner be fined $300 as a condition of continued licensure. However, the final order of suspension imposed an $1,800 fine and a license suspension for six months after payment of the fine.

On March 11, 1983, a petition for review was filed with the Macomb County Circuit Court. On September 18, 1984, the opinion and order affirming the final order of the Department of Licensing and Regulation was issued.

Petitioner's sole issue on appeal is that the circuit court erred in affirming the board's final suspension order. We disagree.

The proceedings in this case were conducted pursuant to the Adminstrative Procedures Act. Section 106 of the act provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings." MCL 24.306; MSA 3.560(206).

Petitioner alleges violation of subdivisions (d) and (e).

Substantial evidence is that evidence which a reasoning mind would accept as sufficient to support a conclusion. It consists of more than a scintilla of evidence but may be substantially less than a preponderance of the evidence. *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624; 326 NW2d 583 (1982). This Court will affirm as long as the hearing examiner's findings are not contrary to law and are supported by competent, material, and substantial evidence, even if this Court might have reached a different result had it been making the initial decision. *Knowles v Civil Service Comm,* 126 Mich App 112; 337 NW2d 247 (1983). It is not a reviewing court's function to resolve conflicts in the evidence or to pass on the credibility of witnesses. *DeHart v State Board of Registration in Podiatry,* 97 Mich App 307; 293 NW2d 806 (1980). Great deference is given to the findings of the hearing examiner because, as the trier of fact, he or she had the opportunity to hear the testimony and view the witnesses. *Russo, supra.*

The hearing examiner found that petitioner violated a rule of conduct of his occupation. MCL 339.604(c); MSA 18.425(604)(c). The rule violated is found in § 2411 of the Occupational Code and reads as follows:

"(2) A licensee or applicant who commits 1 of the following shall be subject to the penalties set forth in article 6:

\* \* \*

"(m) Poor workmanship or workmanship not meeting the standards of the custom or trade verified by a building code enforcement official." MCL 339.2411; MSA 18.425(2411).

Petitioner does not argue with the fact that his work was an example of poor workmanship. He relies on the assertion that Mr. Puzzuoli prevented him from correcting the work. Petitioner's argument is without merit. First, he was under a duty to perform his work in a workmanlike manner from the beginning of the contract. Further, a letter sent by petitioner to the Department of Licensing and Regulation on July 20, 1981, belies the assertion that he felt he was prevented from correcting the work because he was not allowed on Mr. Puzzuoli's property. The letter reads in part as follows:

"A week after I had finished Mr. P. called and told me that there were some things that he was unhappy with. He said he had two complaints with the alum. siding and one with a header. I told him that I would come and take a look. I told him that I would have someone over right away to fix the siding but that I wouldn't do what he wanted to the header because it would be incorrect. He then sent me a registered letter telling me that unless I did what he wanted he wasn't going to pay me. I took the inspector over to look at Mr. P.'s request. The inspector told him that it was corrected as it is.

"After this I hired an attorney to help me collect my money. He advised me to stay completely away since I wasn't going to be paid anyway. The next thing I know is that I have 45 days to correct the stated things."

Petitioner received the building inspector's report on June 10, 1981. Mr. Puzzuoli testified that he did not prevent petitioner from correcting any

of the defects. The hearing examiner was within his authority in believing Mr. Puzzuoli's testimony in this regard, especially since it was corroborated by petitioner's own letter to the Department of Licensing and Regulation. Thus, the evidence was clear that there were violations of the Occupational Code, verified by a building inspector. Petitioner chose not to make corrections in a timely manner. Accordingly, the findings of fact and conclusions of law were based on competent, material and substantial evidence and were properly affirmed by the circuit court.

Petitioner also argues that the sanctions imposed were arbitrary and an abuse of the board's discretion. Petitioner bases this assertion on the fact that the hearing examiner recommended a $300 fine and the board imposed an $1,800 fine and a six-month suspension of his license.

Section 602 of the Occupational Code provides:

"A person, school, or institution which violates a section of this act or a rule or order promulgated or issued under this act shall be assessed 1 or more of the following penalties:

"(a) Placement of a limitation on a license or certificate of registration for an occupation regulated under articles 8 to 25.

"(b) Suspension of a license or certificate of registration.

"(c) Denial of a license, certificate of registration, or renewal of a license or certificate of registration.

"(d) Revocation of a license or certificate of registration.

"(e) A civil fine to be paid to the department, not to exceed $10,000.00.

"(f) Censure.

"(g) Probation.

"(h) A requirement that restitution be made." MCL 339.602; MSA 18.425(602).

The recommended fine of $300 was just that, a recommendation. The hearing examiner had no authority to assess a penalty. The Residential Builders and Maintenance and Alteration Contractors Board is vested with total authority to assess penalties and exercised such authority in this case. One of the defects complained of by Mr. Puzzuoli, the roof dip, was more than just poor workmanship, but actually constituted a structural defect.

According to the circuit court, it is the policy of the board to require a builder who has violated the Occupational Code to pay some of the costs associated with the investigation and proceedings which resulted in that finding. In that light, the $1,800 fine is not excessive, nor an abuse of discretion.

Affirmed.