KOSS v DEPARTMENT OF CORRECTIONS

Docket No. 115670. Submitted February 21, 1990, at Lansing. Decided April 23, 1990.

State prison inmate Bradley R. Koss, following administrative hearings in the Department of Corrections, was found guilty of major misconduct for disobeying an order to spread his buttocks during a strip search. Koss petitioned the Ingham Circuit Court for review. The court, Thomas L. Brown, J., dismissed the petition and ordered reinstatement of court fees and costs earlier suspended. Petitioner appealed.

The Court of Appeals *held:*

1. An inmate may not be found guilty of disobeying a direct order when the order is unreasonable, i.e., when (1) compliance with the order would create a significant risk of serious harm to the inmate's physical well-being, (2) the order conflicts with a prior effective order given to the inmate, or (3) compliance with the order is not physically possible. Since none of these conditions applied to petitioner, no error resulted from the finding of misconduct.

2. MCR 2.002(G) grants a trial court discretionary authority to order the reinstatement of fees and costs earlier waived or suspended. The trial court's requirement that money be periodically withdrawn from petitioner's account with respondent in order to pay the fees and costs was reasonable.

Affirmed.

1. PRISONS AND PRISONERS — PRISONER MISCONDUCT — DISOBEYING
   ORDERS — UNREASONABLE ORDERS.

A state prison inmate may not be found guilty of a major misconduct for disobeying an order when the order is unreasonable, i.e., when (1) compliance with the order would create a significant risk of serious harm to the inmate's physical well-being, (2) the order conflicts with a prior effective order given to the inmate, or (3) compliance with the order is not physically possible.

REFERENCES
Am Jur 2d, Penal and Correctional Institutions §§ 65, 98, 99.
See the Index to Annotations under Costs of Actions; Fees; Prisons and Prisoners; Strip Search.

2. Costs — Indigence — Waiver or Suspension of Fees and Costs
   — Reinstatement — Court Rules.

    A trial court has discretionary authority to order the reinstatement of fees and costs earlier waived or suspended on the basis of indigence (MCR 2.002[G]).

Bradley R. Koss, in propria persona.

*Frank J. Kelley,* Attorney General, and *Edward L. Church, Jr.,* Assistant Attorney General, for Department of Corrections.

Before: Neff, P.J., and MacKenzie and Jansen, JJ.

Per Curiam. Petitioner, a prison inmate, was ordered to submit to a strip search, which he did. Petitioner refused, however, to allow inspection of his buttocks. After being charged with major misconduct for disobeying a direct order, petitioner sought administrative and judicial review. The circuit court dismissed his petition for review, holding that petitioner should have submitted to the search and then filed a grievance, rather than disobey an order. Petitioner appeals as of right. We affirm.

Petitioner claims that his refusal to spread his buttocks falls outside the scope of disobeying a direct order, since the order was not valid and reasonable. According to petitioner, the order was not valid and reasonable because it was in conflict with departmental policy and would cause him psychological harm.

The Department of Corrections' *Hearings Handbook* states, as to claims of "unreasonable orders":

    Normally, any directive or command from a staff member to a resident must be complied with.

  . . .

    The *only* situation[s] which *may* result in a not

guilty finding to the charge of disobeying a direct order, based on the order being unreasonable, are if:

1. Compliance with the order would create a significant risk of serious harm to the resident's physical well-being;

2. The order conflicts with a prior, but presently effective order which was given to the resident;

OR

3. Compliance with the order is not physically possible. [Emphasis in original.]

The hearing officer found these conditions inapplicable in petitioner's case. The hearing administrator who denied petitioner's request for a rehearing agreed, as did the Assistant for Rehearings and Rules, and the circuit judge. We too find the conditions inapplicable. The complained-of search would not create any risk of harm to petitioner's *physical* well-being; petitioner claimed psychological harm by the order. The policy inconsistency petitioner claims is between a memorandum on strip searches issued by a deputy warden and a general prison policy directive, OP-JTF-63.02. The order to spread his buttocks may have conflicted with the policy directive, but it did not conflict with "a prior, but presently effective order which was *given to the resident."* (Emphasis added.) Petitioner may very well have good cause for a grievance that policy was violated; that, however, is not a valid excuse for noncompliance with a direct order. Finally, compliance with the order was not physically impossible.

Petitioner also argues that he could not have filed a grievance, as the department is not empowered to hear constitutional questions. Petitioner cites *Bell v Wolfish,* 441 US 520, 561; 99 S Ct 1861; 60 L Ed 2d 447 (1979), and *Hurley v Ward,* 549 F

Supp 174, 184 (SD NY, 1982), as support for his constitutional argument. Both of these authorities refute his contentions, however. In *Bell,* the United States Supreme Court held that visual body-cavity inspections may be conducted on less than probable cause. In *Hurley,* the district court held that strip frisk searches may be required after contact visits. As the prison officer's actions would be allowable under these cases, there was no constitutional claim properly raised at any level. Petitioner's citation of various cases, none of which apply to the instant facts, does not make the claim "constitutional." Petitioner should have filed a grievance as to the inconsistent policies. The department's grievance procedure includes review of "an alleged violation of rights . . . due to an administrative action or failure to act by the department." 1979 AC, R 791.3325. There was evidence on the record to support the decision of the hearing officer and the trial court's dismissal of petitioner's petition. We find no error.

Petitioner next argues that it was error for the trial court to reinstate the requirement for payment of fees and court costs. We disagree. The suspension of payment of the fees was due to the court process, not petitioner's indigence. Further, there was no determination that petitioner would forever be unable to pay his fees, and the requirement that money be withdrawn from his account from time to time to pay the fee is reasonable. This is confirmed by the fact that the $42 fee ordered paid from petitioner's account was paid in full less than two months after the trial court's order. Under MCR 2.002(G) the trial court was permitted, in its discretion, to order this repayment.

Affirmed.