LANGWORTHY v DEPARTMENT OF CORRECTIONS

Docket No. 123998. Submitted February 6, 1991, at Lansing. Decided October 24, 1991; approved for publication January 15, 1992, at 9:05 A.M.

Dean Langworthy, a state prison inmate, petitioned the Ingham Circuit Court for judicial review of a Department of Corrections hearing referee's decision finding him guilty of the major misconduct violation of substance abuse on the basis of his refusal to submit to a urine test. The court, Michael G. Harrison, J., affirmed. The petitioner appealed.

The Court of Appeals *held:*

1. The circuit court correctly determined that the hearing referee's decision was supported by competent, material, and substantial evidence. Under a policy directive of the Department of Corrections, PD-DWA 42.05, an inmate who refuses to be tested for drugs or whose test shows the presence of a prohibited substance must be charged with a major misconduct violation for substance abuse.

2. The circuit court's reinstatement of court costs and fees earlier suspended on the basis of the petitioner's indigence was proper under MCR 2.002(G), which permits reinstatement of costs and fees when the reason for suspension no longer exists. Costs and fees were suspended in this case to insure a timely review of the petitioner's claims. Because a timely review had occurred, the reason for suspension ceased to exist, thereby allowing the reinstatement of costs and fees.

Affirmed.

Dean Langworthy, in propria persona.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for the Department of Corrections.

Before: DANHOF, C.J., and HOLBROOK, JR., and SULLIVAN, JJ.

PER CURIAM. Petitioner, an inmate in respondent's custody, was given a major misconduct citation for his refusal to submit to a urine test. He then petitioned for judicial review in the Ingham Circuit Court. Upon review, the circuit court concluded that respondent's administrative finding was supported by competent, material, and substantial evidence. Petitioner now appeals as of right. We affirm.

Petitioner first argues that the decision of the circuit court is clearly erroneous in that he was found guilty of "substance abuse" where there is no evidence of any substance. We disagree.

The circuit court based its review of the administrative hearing upon MCL 791.255(4); MSA 28.2320(55)(4), which requires a reviewing court to determine whether the administrative decision "is supported by competent, material and substantial evidence on the whole record." While the evidence required to support the decision of a hearing officer is "more than a mere scintilla of evidence, it may be substantially less than a preponderance of the evidence." *Campbell v Marquette Prison Warden,* 119 Mich App 377, 385; 326 NW2d 516 (1982).

The circuit court found that pursuant to a Department of Corrections Policy Directive, PD-DWA 42.05, any prisoner who refused to submit to a urine test would be charged with a major misconduct for substance abuse. The court found that the record proved that petitioner was requested to submit to a urine test, was informed of the consequences of refusing to do so, and nonetheless refused to provide a urine sample. The court concluded that the decision of the hearing officer that petitioner refused to submit to a urine test was supported by competent, material, and substantial evidence.

The thrust of petitioner's argument is that one cannot be found guilty of "substance abuse" where

there is no evidence of any "substance." Petitioner offers no authority to support this argument, nor does he challenge the validity of the policy directive. The issue to be resolved is whether there was "competent, material and substantial evidence" to support the conclusion that petitioner refused to submit to a urine test, rather than whether or not there was a substance involved. We believe that the circuit court properly resolved this issue when it found that there was competent, material, and substantial evidence to support the hearing officer's decision.

Petitioner next raises a constitutional challenge to urine tests required upon probable cause to suspect substance abuse, maintaining that they are violative of the Fourth Amendment. Petitioner did not raise this issue below, nor has he presented any authority for his argument that a probable-cause urine test constitutes an unreasonable search under the Fourth Amendment. The issue is not properly preserved for appeal. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

Lastly, petitioner argues that the circuit court's order reinstating payment of fees and costs was violative of both state law and the court rules. We disagree.

MCR 2.002(D) provides for waiver or suspension of court costs for indigents, and petitioner was granted such a suspension by the trial court. MCR 2.002(G), however, permits reinstatement of the costs when the reason for the waiver or suspension no longer exists. Such was the case here. In its order reinstating the costs, the circuit court noted that suspension was ordered to insure "timely review of [petitioner's] complaint" and that because such review had occurred, the reason for the

suspension no longer existed. We affirm the order of the court.

Affirmed.