MARTIN v DEPARTMENT OF CORRECTIONS (ON REMAND)

Docket No. 140960. Submitted April 14, 1993, at Lansing. Decided
September 7, 1993, at 9:15 A.M.

Kenneth F. Martin, a state prison inmate, sought review by the
Ingham Circuit Court of a grievance decision by the Depart-
ment of Corrections. The court, Lawrence M. Glazer, J.,
granted Martin a waiver of court fees and costs on the basis of
indigency, but subsequently revoked that waiver without deter-
mining whether there had been a change in indigency status.
Martin sought, and the Court of Appeals denied, leave to
appeal. The Supreme Court, in lieu of granting leave, re-
manded the case to the Court of Appeals for consideration as
on leave granted limited to the issue whether the circuit court
erred in revoking the waiver of fees and costs without first
determining whether there had been a change in indigency
status. 437 Mich 1004 (1991).

On remand, the Court of Appeals *held:*

Before revoking a previously granted waiver or suspension of
court fees and costs, a trial court must determine whether the
litigant is indigent at the time of the revocation of the waiver
or suspension.

This case must be remanded to the trial court for such a
determination.

Reversed and remanded.

COURTS — WAIVER OR SUSPENSION OF FEES AND COSTS — INDIGENTS.

A waiver or suspension of court fees and costs previously granted
on the basis of indigency may not be revoked by a trial court
unless the court first determines that there has been a change
in status with respect to indigency (MCR 2.002[G]).

Prison Legal Services of Michigan, Inc. (by *San-
dra Girard*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Costs §§ 47, 48.
See ALR Index under Costs of Actions; Poor Persons.

*Casey,* Solicitor General, and *Lamont M. Walton,* Assistant Attorney General, for the defendant.

ON REMAND

Before: WHITE, P.J., and CAVANAGH and JANSEN, JJ.

JANSEN, J. Pursuant to a May 21, 1991, remand order of the Michigan Supreme Court, plaintiff appeals as on leave granted from the Ingham Circuit Court's December 8, 1989, order revoking the waiver of filing fees and costs previously granted to him. 437 Mich 1004 (1991). In accordance with the order of the Supreme Court, this Court is required to determine "whether the circuit court erred in revoking, without a determination of change in indigency status, its earlier waiver or suspension of filing fees and costs under MCR 2.002(G). . . . See *Jordan v Dep't of Corrections,* 412 Mich 939 (1982)."

MCR 2.002 provides for the waiver or suspension of fees and costs for indigent persons. MCR 2.002(D) provides as follows:

> Other Indigent Persons. If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs required by law or court rule, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation.

MCR 2.002(G), which allows the trial court to reinstate the requirement for payment of fees and costs, states:

> Reinstatement of Requirement for payment of Fees and Costs. If the payment of fees or costs has

been waived or suspended under this rule, the court may on its own initiative order the person for whom the fees or costs were waived or suspended to pay those fees or costs when the reason for the waiver or suspension no longer exists.

In the present case, after considering plaintiff's motion for waiver of filing fees (and costs), as well as his affidavit of indigency, the trial court ordered "that payment by plaintiff of filing fees be *suspended* until further order of the court." After concluding that plaintiff's petition challenging a grievance decision of the Department of Corrections was not reviewable, the court revoked the "*waiver* of filing fees (and costs)" previously granted to plaintiff. In doing so, the court noted that "a waiver of filing fees (and costs) was granted to plaintiff upon initiation of the instant case to ensure timely review of his petition." The court concluded that because "the reason for the waiver no longer exists, the court pursuant to MCR 2.002(G), revokes the waiver."

We would point out that the court's order of March 16, 1989, granted plaintiff a "suspension of fees." However, in its December 8, 1989, opinion and order, the court purportedly revoked the "waiver of filing fees (and costs)" previously granted to plaintiff. Because of the disparity in the terms used in the court's orders, we find the March 16, 1989, order controlling and will treat the payment of filing fees and costs as having been suspended.

In *Langworthy v Dep't of Corrections,* 192 Mich App 443; 481 NW2d 726 (1992), this Court addressed the propriety of a circuit court's reinstatement of the requirement of payment of fees and costs. *Id.,* pp 445-446. In *Langworthy,* the petitioner argued that the circuit court's order rein-

stating fees and costs was violative of both state law and the court rules. *Id.,* p 445. This Court disagreed, stating as follows:

> MCR 2.002(D) provides for waiver or suspension of court costs for indigents, and petitioner was granted such a suspension by the trial court. MCR 2.002(G), however, permits reinstatement of the costs when the reason for the waiver or suspension no longer exists. Such was the case here. In its order reinstating the costs, the circuit court noted that suspension was ordered to insure "timely review of [petitioner's] complaint" and that because such review had occurred, the reason for the suspension no longer existed. We affirm the order of the court. [*Langworthy,* pp 445-446.]

We are aware that *Langworthy* is binding authority pursuant to Administrative Order No. 1990-6, as extended by Administrative Order Nos. 1991-11 and 1992-8. However, we are also cognizant of the fact that this Court, in *Langworthy,* did not address the specific issue that is now before this Court pursuant to the Supreme Court's May 21, 1991, remand order.

In *Langworthy,* the Court did not address the issue whether, before revoking an earlier granted waiver or suspension of filing fees and costs under MCR 2.002(G), the circuit court must determine whether a petitioner is still indigent. We are of the opinion that such an inquiry must be made by the trial court before revoking a waiver or suspension of filing fees and costs previously granted.

The above holding is, in our estimation, in accord with the Supreme Court's order in *Jordan, supra,* which was cited in the Supreme Court's May 21, 1991, remand order. In *Jordan,* this Court denied the plaintiff's motion to waive fees and dismissed his appeal. 412 Mich 939. The Supreme Court stated:

> Under the circumstances, information which showed plaintiff may not have been indigent in May or October, 1980, was insufficient in itself to overcome plaintiff's affidavits relating to his indigency in April, 1981. GCR 1963, 120.3. On remand [to the Court of Appeals], the defendant may provide the Court with information indicating that plaintiff is not presently indigent. [*Id.*]

We believe that the order in *Jordan* suggests that a circuit court must make a determination regarding the financial status of the litigant before revoking a previously granted order waiving or suspending fees and costs because of indigency. See also *Mizell v Dep't of Corrections,* 437 Mich 1017 (1991) (in lieu of granting leave to appeal, the Supreme Court reversed the judgments of the Court of Appeals and the Ingham Circuit Court, which reinstated court costs and fees, because the "record [did] not establish that the plaintiff was not indigent at the time of the circuit court judgment").

We therefore hold that before revoking a previously granted waiver or suspension of filing fees and costs under MCR 2.002(G), a trial court must determine whether the litigant is indigent at the time of the revocation of the waiver or suspension. Because it does not appear that such a determination was made in the present case, we reverse that portion of the trial court's December 8, 1989, order revoking the waiver of filing fees and costs, and remand the case to the trial court. On remand, the trial court is to determine whether there has been a change in indigency status justifying a revocation of the previously granted waiver of filing fees and costs.

Reversed and remanded. We do not retain jurisdiction.