LEWIS v DEPARTMENT OF CORRECTIONS

Docket No.194240. Submitted June 10, 1998, at Grand Rapids. Decided
November 20, 1998, at 9:15 A.M.

Man Lewis, Jr., a prison inmate, filed a petition in the Ingham Circuit
Court appealing a determination by a Department of Corrections
hearing officer that the petitioner had committed a major miscon-
duct violation. The court, Peter D. Houk, J., granted the petitioner's
motion to waive or suspend filing fees to ensure the petitioner a
timely review of the petition. However, the court reserved the right
to reinstate the obligation to pay the fees at the conclusion of the
case. The court granted the respondent's motions to dismiss or
affirm the hearing officer's decision and to tax costs. The court,
finding that the reason for the waiver no longer existed, reinstated
the petitioner's obligation to pay the filing fees and required the
petitioner to pay fifty percent of his present and future income till
the debt was satisfied. The petitioner appealed by leave granted.

The Court of Appeals *held*:

1. Competent, material, and substantial evidence supported the
hearing officer's decision. It was thus manifest that the question to
be reviewed on which the decision of this case depended was so
insubstantial as to need no argument or formal submission to the
trial court. The court properly granted the respondent's motion to
dismiss or affirm.

2. The trial court provided the petitioner an opportunity to estab-
lish his indigency and did not revoke the initial filing fee waiver
without first investigating the petitioner's then-existing financial
status.

3. The court properly attempted to ascertain the petitioner's
financial status by requiring him to supply the relevant information.

4. The court properly reinstated the fee obligation and required
the petitioner to make installment payments on the fee debt.

5. The shelter and subsistence benefits afforded the petitioner
while being punished in prison is not the receipt of "public assis-
tance" contemplated in MCR 2.002(C).

Affirmed.

1. ADMINISTRATIVE LAW — JUDICIAL REVIEW.

A circuit court and the Court of Appeals both review a ruling of a hearing officer in the same manner and determine whether the ruling was authorized by law or rule and if it was supported by competent, material, and substantial evidence on the whole record (MCL 791.255[4]; MSA 28.2320[55][4]).

2. ACTIONS — FILING FEES — WAIVER — REINSTATEMENT.

A trial court that has previously granted a waiver or suspension of a petitioner's obligation to pay filing fees but that has reserved the right to reinstate the obligation at the end of the case may, after investigating the petitioner's then-existing financial status at the end of the case, revoke the initial filing fee waiver and reinstate the obligation to pay the fees where it finds that the reason for the waiver no longer exists; the court may require the petitioner to supply any relevant financial information to aid its determination; the reinstated obligation to pay the fees may provide for the payment of the fees in installments where the court finds that the petitioner has the present or future ability to pay the fees in installments (MCR 2.002).

3. PRISONS AND PRISONERS — ACTIONS — FEES — WAIVER — WORDS AND PHRASES — PUBLIC ASSISTANCE.

The reference to "public assistance" in the court rule providing for the suspension of court fees and costs with regard to a party that is receiving any form of public assistance does not include a person's receipt of shelter and subsistence benefits that are afforded to the person by the Department of Corrections while the person is a prisoner (MCR 2.002[C]).

Man Lewis, Jr., in propria persona.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Charles C. Schettler, Jr.*, Assistant Attorney General, for the respondent.

Before: WHITE, P.J., and HOOD and GAGE, JJ.

GAGE, J. Petitioner appeals by leave granted trial court orders granting respondent's motion to dismiss and reinstating petitioner's obligation to pay filing fees. We affirm.

Petitioner is a prison inmate. In September 1994, he filed a petition with the Ingham Circuit Court appealing the determination of a Department of Corrections hearing officer that petitioner had committed a major misconduct violation. In October 1994, the trial court granted petitioner's motion to waive or suspend filing fees "to ensure [petitioner] of a timely review of [his] complaint," but reserved the right to reinstate the obligation to pay the fees at the conclusion of the case. In May 1995, the trial court granted respondent's motion to dismiss or affirm the hearing officer's decision pursuant to MCR 7.105(J), and suggested that respondent would be entitled to costs and attorney fees on the filing of a proper motion. Respondent then filed a motion to tax costs, which the trial court granted. In granting the motion, the court sua sponte ordered reinstatement of petitioner's obligation to pay filing fees pursuant to MCR 2.002(G) on the basis that the reason for the waiver, to ensure petitioner an expedient review of his complaint, no longer existed.

Petitioner first contends that the trial court erred in dismissing his petition for judicial review of the hearing officer's decision. We review the hearing officer's decision in the same limited manner as the circuit court. *Barker Bros Constr v Bureau of Safety & Regulation*, 212 Mich App 132, 141; 536 NW2d 845 (1995). We must determine whether the hearing officer's ruling was "authorized by law or rule and whether the decision . . . [was] supported by competent, material and substantial evidence on the whole record." MCL 791.255(4); MSA 28.2320(55)(4). Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evi-

dence. *St Clair Intermediate School Dist v Interme-diate Ed Ass'n/Michigan Ed Ass'n*, 218 Mich App 734, 736; 555 NW2d 267 (1996), aff'd 458 Mich 540; 581 NW2d 707 (1998). In light of the hearing officer's opportunity to hear the testimony and view the witnesses, we give great deference to the hearing officer's factual findings and credibility determinations. *Arndt v Dep't of Licensing & Regulation*, 147 Mich App 97, 101; 383 NW2d 136 (1985).

The hearing officer did not err in concluding that petitioner had committed a major misconduct violation. Pursuant to MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, and certain administrative rules regarding prisoner misconduct, the hearing officer had authority to find petitioner guilty of a major misconduct violation and to impose an appropriate punishment. See 1987 AACS, R 791.5501; 1995 AACS, R 791.5505. Furthermore, the record illustrates that the hearing officer's decision was supported by substantial evidence. The reporting corrections officer described the major misconduct incident involving petitioner's failure to follow his direct order. Another witness corroborated the details of the reporting officer's description of these events. Their descriptions constituted substantial evidence supporting the hearing officer's conclusion. Petitioner conveyed a different version of the underlying events and offered affidavits from other prisoners that supported his version of the incident. However, the hearing officer found petitioner's version of the story less credible than the reporting officer's, noting that many of petitioner's supporting witnesses failed to cooperate with the hearing investigator. In light of the deference afforded a hearing officer's credibility determinations,

*Arndt, supra,* we find that competent, material, and substantial evidence existed to support the hearing officer's conclusion that petitioner was guilty of a major misconduct violation. It was thus manifest that the question to be reviewed on which the decision of this case depended was so unsubstantial as to need no argument or formal submission to the trial court, MCR 7.105(J)(3)(a), and the trial court properly granted respondent's motion to dismiss or affirm.

Next, petitioner makes several arguments challenging the trial court's reinstatement of the obligation to pay filing fees. Petitioner contends that the trial court erred in reinstating his obligation to pay filing fees before making a determination regarding his financial status and in improperly placing on him the burden of proving his continuing indigence. MCR 2.002 governs the waiver or suspension and reinstatement of the obligation to pay filing fees. We review de novo the interpretation of a court rule, a question of law. *McAuley v General Motors Corp,* 457 Mich 513, 518; 578 NW2d 282 (1998).

MCR 2.002 authorizes a trial court to relieve an indigent person of his obligation to pay filing fees. The procedure set forth in MCR 2.002 assures that a complainant will not be denied access to the courts on the basis of his indigence. *Wells v Dep't of Corrections,* 447 Mich 415, 419; 523 NW2d 217 (1994). "If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation." MCR 2.002(D). At the end of the case, "the court may on its own initiative order the person for whom the fees or costs were waived or suspended

to pay those fees or costs when the reason for the waiver or suspension no longer exists." MCR 2.002(G).

This Court has addressed in several published opinions prior attempts by the Ingham Circuit Court to reinstate the initially suspended or waived filing fees of prison inmate petitioners. In *Koss v Dep't of Corrections*, 184 Mich App 614, 617; 459 NW2d 34 (1990), this Court held that the trial court did not abuse its discretion in reinstating the obligation to pay suspended filing fees pursuant to MCR 2.002(G) when the suspension was due to the court process, not the prisoner petitioner's indigence, and when there was no determination that the petitioner would forever be unable to pay the fees. Later, in *Langworthy v Dep't of Corrections*, 192 Mich App 443; 481 NW2d 726 (1992), this Court again upheld the trial court's reinstatement of the obligation to pay the fees when it had noted that it suspended the fees to ensure timely review of the prisoner petitioner's complaint and that, because such review had occurred, the reason for the suspension no longer existed. *Id.* at 445-446.

In another, subsequent case involving filing fee reinstatement, this Court more closely examined the circuit court's practice of suspending fees at the outset of litigation initiated by a prison inmate to ensure timely review of his complaint, only to eventually reinstate the obligation to pay the fees at the end of the case because the reason for the suspension no longer existed. *Martin v Dep't of Corrections (On Remand)*, 201 Mich App 331; 505 NW2d 915 (1993). The *Martin* Court concluded that before revoking a previously granted waiver or suspension of filing fees and costs pursuant to MCR 2.002(G), a court must

determine whether the litigant is indigent at the time of the revocation of the waiver or suspension. *Id.* at 335. Because the trial court had made no effort to discern the prison inmate's financial status at the conclusion of the litigation, the *Martin* Court reversed the reinstatement of the obligation to pay the fees and remanded for a determination regarding the prisoner litigant's current financial status. *Id.*

The trial court in the instant case, like the trial courts in *Koss, supra,* and *Langworthy, supra,* attempted to justify its reinstatement of the obligation to pay the filing fees by explaining that it had initially waived these fees "to ensure [petitioner] a timely review of his Complaint," but that "the reasons for the waiver no longer exist[ed] . . . ." The trial court explained its decision to reinstate the filing fees obligation as follows:

> In making its determination, the Court takes judicial notice of the fact that [respondent] supplies housing, food, clothing, medical care, transportation, if any, educational opportunities and recreational opportunities free of charge to all prisoners. Any objections to reinstatement of the filing fees pursuant to MCR 2.002(G) and taxation of costs shall be filed within 21 days from the date of this Order. [Petitioner] shall address what employment he has had with [respondent] from the filing of this action to the present time, and if not employed, the reason for such unemployment. [Petitioner] shall also address transactions from his prisoner account for the same period of time. Petitioner shall further address why 50% of any present and future funds posted to [petitioner]'s account should not be automatically deducted to satisfy the filing fee and taxation of costs. If [petitioner] fails to file a brief within 21 days from the date of this order, the Court will deem this matter uncontested and enter the following Order reinstating fees . . . .

Therefore, before actually reinstating petitioner's obligation to pay filing fees, the trial court first provided petitioner the opportunity to establish his indigency. The court thus made its order of reinstatement conditional and did not violate the *Martin* principle by revoking the initial filing fee waiver without first investigating petitioner's then-existing financial status.

In response to petitioner's contention that the trial court should not have required him to prove his indigence, we find proper that the court attempted to ascertain petitioner's financial status by requiring him to supply the relevant information. This Court in *Martin* did not require that a court reinstating the obligation to pay filing fees establish a petitioner's indigency in any particular manner. Furthermore, MCR 2.002(D) places the initial burden of establishing indigence on the petitioner requesting a waiver of filing fees. Additionally, this Court has previously granted a trial court discretion to determine a petitioner's financial status by requiring that he provide the court with a new affidavit regarding his financial status, by requesting an affidavit from the Department of Corrections, or by adopting some similar procedure. *Hadley v Ramah*, 134 Mich App 380, 389-390; 351 NW2d 305 (1984).

In response to the trial court's conditional order of reinstatement, petitioner submitted a certificate showing his prisoner account activity for the period from October 1995 to April 1996, which indicated that petitioner had $360 in deposits, $328.18 in charges and withdrawals, an actual balance of $28.25, and a spendable balance of $0. Petitioner also indicated that he had been employed at nearly all institutions in which he had previously resided and that he was then

unemployed but on a waiting list for a law library clerk or tutor position. The trial court denied petitioner's objections to the reinstatement of the obligation to pay filing fees, noting that petitioner had been employed, had "disabled his ability to pay filing fees" by withdrawing funds from his spending account, and had previously filed twenty-seven unsuccessful cases in the Ingham Circuit Court.

Although the information provided by petitioner established that he had no spendable funds at the time the trial court decided to reinstate the obligation to pay filing fees, we do not believe the court erred in requiring petitioner to pay fifty percent of his current and future income toward satisfaction of his filing fee debt. This Court in *Koss, supra,* recognized that, when there was no determination that a prisoner petitioner would forever be unable to satisfy his filing fee obligation, it was reasonable for the court to require that money be withdrawn from the prisoner's account from time to time to pay the fee. The *Martin* Court did not address the propriety of a court's requiring an indigent to make installment payments to satisfy the filing fee obligation, but merely required that the court examine the party's financial status before reinstating the obligation to pay fees. In the instant case, no evidence indicated that petitioner would forever be unable to pay his filing fees. To the contrary, petitioner alleged that he had held many prior jobs in prison and, although unemployed at the time the trial court conditionally ordered reinstatement of his obligation to pay filing fees, petitioner expressed his expectation that he would again secure employment as a law library clerk or as a tutor. The documents regarding petitioner's prison account reflected depos-

its amounting to $360 for a six-month period. While most of the charges to petitioner's account went toward legal postage and copying costs, the records also indicated that petitioner had spent over $124 at the prison store over the same six-month period. We conclude that, on the basis of this evidence, the trial court did not abuse its discretion in reinstating petitioner's filing fees obligation and requiring installment payments. *Koss, supra.* See also *People v LaPine*, 63 Mich App 554, 557-558; 234 NW2d 700 (1975). Interpreting MCR 2.002(G)'s predecessor provision, this Court held in *LaPine* that, "[s]o long as reimbursement fairly reflects the defendant's ability to pay, we conclude that the trial court, after furnishing transcripts to an appealing defendant, did not abuse its discretion by imposing a requirement of reimbursement to the county after the defendant is paroled and has obtained employment." *Id.* at 558.

We conclude that the trial court complied with *Martin, supra,* by examining petitioner's financial situation before reinstating his obligation to pay filing fees. In light of the *Koss* Court's recognition of installment payments as a valid exercise of discretion and the legislative mandate that courts reinstate filing fees obligations when evidence of a prisoner's ability to pay exists,[1] we uphold the trial court's order requiring

---

[1] The approach taken by the trial court in ordering reinstatement of the obligation to pay filing fees according to an installment plan resembles that adopted by the Legislature in enacting 1996 PA 555. Although this enactment, embodied at MCL 600.2963; MSA 27A.2963, effective on June 1, 1997, does not apply to the instant case, we find that considering the Legislature's approach is instructive in ruling on the propriety of the instant trial court's order of reinstatement. Subsection 2963(1) explains that when a prisoner files a civil complaint or appeal and requests a filing fee waiver on the basis of indigence, the court must require the prisoner to pay the filing fees and must suspend filing of the prisoner's action until

that petitioner contribute half of any future deposits toward payment of his filing fees. We note that the trial court's decision does not hinder petitioner's access to the judicial system. Moreover, the trial court's decision reflects Michigan's now statutorily embodied public policy that those who spend valuable judicial resources should be required to "take economic responsibility for their decisions to sue." House Legislative Analysis, SB 1215, January 28, 1997, p 5. If the trial court were unable to fashion such payment plans, individuals like petitioner, who has filed twenty-seven unsuccessful actions in the Ingham Circuit Court, would essentially be subsidized by Michigan taxpayers to file at no cost even frivolous civil actions or appeals from administrative hearings determinations and would be able to force whatever defendants they targeted to expend the time and money involved in defending these actions.

Petitioner also argues that the trial court was required to waive his filing fees because he, as an inmate of the Department of Corrections, qualified as a person receiving public assistance. See MCR 2.002(C). However, we do not deem the shelter and

---

the prisoner submits the filing fee. The court may order a reduced, partial filing fee when the prisoner's account contains "less than the full amount of the filing fee required by law . . . ." Subsection 2963(3). When a court orders a partial filing fee, the court *shall*, in addition "order the prisoner to make monthly payments in an amount equal to 50% of the deposits made to the account. Payments under this subsection shall continue until the full amount of the filing fee is paid." Subsection 2963(5). When the court has initially waived filing fees pursuant to MCR 2.002 because the prisoner plaintiff has "no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists." Subsection 2963(7). Thus, the trial court's decision in this case achieves the result that the statute would mandate were petitioner to file his action today.

subsistence benefits afforded petitioner while being punished in prison to be the beneficent "public assistance" contemplated by MCR 2.002(C).

Finally, petitioner suggests that the trial court's order reinstating his obligation to pay filing fees interfered with his ability to provide himself effective assistance of counsel on appeal by adversely affecting his state of mind. Petitioner relies on the Sixth Amendment of the United States Constitution. Because this amendment by its terms only guarantees assistance of counsel "[i]n all criminal prosecutions," we conclude that petitioner's argument in this context is without merit. Furthermore, in light of petitioner's successful perfection of the instant appeal and his ability to produce a brief on appeal raising the issues we have addressed, we find no interference of any kind with his appeal of the trial court's decision.

Affirmed.