*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARRET GERARD DOBEK,

          Petitioner-Appellant,

v

DEPARTMENT OF CORRECTIONS,

          Respondent-Appellee.

UNPUBLISHED
March 11, 2026
8:56 AM

No. 369448
Ingham Circuit Court
LC No. 22-000649-AA

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

In this agency appeal, petitioner, Garret Gerard Dobek, a prisoner of the Michigan Department of Corrections (MDOC), appeals by leave from the circuit court's July 19, 2023 opinion and order affirming an administrative law judge's finding that petitioner was guilty of a major misconduct violation for disobeying a direct order of a corrections officer. We affirm.

## I. BACKGROUND

At the times relevant to this appeal, petitioner was incarcerated at the G. Robert Cotton Correctional Facility, in Jackson, Michigan. On October 11, 2021, petitioner was placed in protective custody pending further review because he alleged that other prisoners considered him a "snitch" for telling corrections officers that his "pack" of store items had been stolen. Those inmates allegedly threatened him and blamed him for the confiscation of a large cache of store items discovered when their cell was searched. After review, the Security Classification Committee (SCC) concluded that petitioner could not substantiate the need for protective custody.

On October 19, 2021, Corrections Officer Thelen ordered petitioner to move out of segregation and to a new housing unit, and petitioner refused. Corrections Officer Thelen issued petitioner a Class II violation for disobeying a direct order. Sergeant Johnson conducted an initial misconduct review and elevated the charge to a Class I violation. Petitioner requested a hearing investigator, witnesses, and relevant documents. The misconduct report reflected that a list of witnesses and relevant documents would be given to the hearing investigator. Further, the misconduct report noted that petitioner refused to sign the report and that a copy was given to him. However, in the space for prisoner's signature, Sergeant Johnson wrote that petitioner was

-1-

"[u]nable to sign" because he was "in seg[regation]." When petitioner was interviewed by the hearing investigator, petitioner stated that he feared for his life because he was being threatened by other prisoners who had stated that they were going to "beat [his] ass in the bathroom" and "slit [his] throat." The hearing investigator noted in his report that "A 51/52 and A 79" had a "shank." With regard to witnesses, the box for "yes" was checked, and the box for "no" was checked with a circle around it. No witnesses were listed in the report.

On October 26, 2021, a hearing was held before an administrative law judge (ALJ). Petitioner pleaded not guilty to the charge of disobeying a direct order. When asked by the ALJ why he refused the order, petitioner asked for an adjournment. Petitioner argued that the ALJ had "personal bias" against him because he presided over a prior misconduct hearing involving petitioner. When petitioner was asked why he did not request any witnesses, he stated that he had seen Sergeant Heskett "last night," who said to "use him as a witness." Petitioner also asserted that no investigation was done.

The ALJ denied petitioner's request to adjourn the hearing and for recusal on the ground of personal bias. The ALJ relied on the MDOC Hearings Handbook, which provides that "[i]n order to request disqualification of a hearing officer for personal bias, a prisoner must present an affidavit containing specific evidence of personal bias to the hearing officer at the hearing." Petitioner did not provide an affidavit or any evidence of personal bias, including failing to provide the prior misconduct report. The ALJ found that a previous guilty finding was not sufficient to show bias and explained that he had conducted over 3,000 hearings a year and had no specific memory of petitioner. Further, the ALJ denied the request for adjournment, finding that petitioner "failed to participate meaningfully in the [hearing investigation] process" because petitioner did not request witnesses or other evidence. Accordingly, the ALJ found that petitioner "waived his right to have this evidence collected and presented" at the hearing and that "[t]he absence of evidence" was not a due process violation.

Relying on the evidence before it, the ALJ found petitioner guilty of disobeying a direct order. The ALJ found that the misconduct report was "clear and concise," and that petitioner did not contest the allegations. Officer Thelen gave a valid order that petitioner heard and refused. The ALJ explained that it was petitioner's burden to show that compliance with the order would have created a "significant risk of harm." Given petitioner's unclear testimony and the lack of evidence to support his claim, the ALJ was "not convinced that [petitioner] faced a significant risk of serious harm had he followed the order." The ALJ noted that petitioner was ordered to move to a different unit than the one where he had the alleged issues. The ALJ sanctioned petitioner with a 30-day loss of privileges from October 26, 2021 to November 25, 2021.

After exhausting his administrative remedies, petitioner appealed to the circuit court. The circuit court affirmed the decision of the MDOC Hearings Division. Petitioner now appeals.

## II. STANDARDS OF REVIEW

Judicial review of an administrative agency's decision is limited to determining whether the decision was authorized by law or rule and whether the agency's findings of fact were "supported by competent, material, and substantial evidence on the whole record." Const 1963, art 6, § 28; MCL 791.255(4). " 'Substantial evidence' is evidence that a reasonable person would

accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance." *Dowerk v Oxford Charter Twp*, 233 Mich App 62, 72; 592 NW2d 724 (1998).

However, this Court's review of a circuit court's direct review of agency action is limited to determining "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Com'n*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This standard is "indistinguishable from the clearly erroneous standard of review[.]" *Id*. Further, "[i]n light of the hearing officer's opportunity to hear the testimony and view the witnesses, we give great deference to the hearing officer's factual findings and credibility determinations." *Lewis v Dep't of Corrections*, 232 Mich App 575, 577; 591 NW2d 379 (1998).

Whether a party has been afforded due process is a question of law that is generally subject to de novo review. *Al-Maliki v LaGrant*, 286 Mich App 483, 484-485; 781 NW2d 853 (2009).

III. ANALYSIS

A. DUE PROCESS

Petitioner argues on appeal that he was denied due process because the hearing investigator did not perform an investigation. We disagree.

The US Supreme Court has recognized that under the due process clause of the Fourteenth Amendment, a state prisoner is entitled to notice and a hearing with regard to disciplinary decisions involving serious misconduct. *Tocco v Marquette Prison Warden*, 123 Mich App 395, 399; 333 NW2d 295 (1983), citing *Wolff, Warden v McDonnell*, 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974). The Michigan Legislature has promulgated misconduct hearing procedures to reflect these due process considerations. *Tocco*, 123 Mich App at 399. Under MCL 791.251, a hearing division was created within the MDOC that is responsible for prisoner hearings involving misconducts that may result in the loss of a right by a prisoner. Misconducts subject to hearing include, but are not limited to, loss of disciplinary credits, loss of good time, placement in administrative segregation, visitor restrictions, and accumulation of disciplinary time. MCL 791.251(2)(a)-(e), (3).[1] Specific procedures are set forth in MCL 791.252. See also Mich Admin R 791.3310.

Most relevant for purposes of this appeal are the additional procedures found in the MDOC Hearing Handbook created by the MDOC Hearings Administrator. The MDOC Hearing Handbook purports to go beyond the due process required by providing a hearing investigation process, particularly in cases of major misconduct. As laid out in the Hearing Handbook, due to a prisoner's necessarily limited access to other prisoners and staff in a prison, the MDOC provides hearing investigators to assist prisoners by obtaining witness statements and relevant documents. The hearing investigator is "[a]n impartial evidence-gatherer, not an advocate for either the

---

[1] However, "[t]he hearings division is not responsible for a prisoner hearing that is conducted as a result of a minor misconduct charge that would not cause a loss of good time or disciplinary credits, or result in placement in punitive segregation." MCL 791.251(5).

prisoner or the reporting officer." The hearing investigator's duties include interviewing the prisoner, identifying discrepancies between the prisoner and the officer's version of events, interviewing the prisoner's requested witnesses and all other known witnesses, collecting relevant evidence, and drafting an investigation report for consideration of the hearing officer.

Petitioner argues that his right to due process was violated because the hearing investigator conducted no investigation. The record, however, demonstrates that the hearing investigator performed an investigation, and that petitioner refused to meaningfully participate; therefore, no due process violation occurred. As required by the MDOC Hearing Handbook, a hearing investigator was assigned and drafted a hearing investigation report. The report is brief, but it nonetheless reflects that an investigation was conducted. The hearing investigator interviewed petitioner, who provided a short statement about the allegations and did not identify any witnesses to be interviewed. Given the little information provided by petitioner and the straightforward nature of the underlying misconduct—disobeying a direct order by refusing to leave segregation and return to the general population—it is not surprising that the report was brief and that the hearing investigator found no further investigation necessary at that time.

Petitioner emphasizes the fact that he requested witnesses and argues that someone changed his response to "no" on the report. First, there is nothing in the record to support petitioner's contention that the "no" box was checked after the fact as a means of depriving him of his right to due process. Second, even accepting that petitioner requested witnesses at the hearing, petitioner provides no explanation for why he did not identify any witnesses to the hearing investigator. As respondent argues on appeal, the hearing investigator cannot be faulted for failing to interview witnesses that petitioner did not identify. The hearing investigator is meant to assist prisoner's in gathering evidence and is not an advocate for either party or required to conduct an independent investigation in support of a prisoner's defense.

## B. ADJOURNMENT

Petitioner also argues that the ALJ erred by failing to adjourn the hearing to investigate witnesses he identified at the misconduct hearing. We disagree.

When outlining the duties of a hearing officer, the MDOC Hearing Handbook provides:

[I]f a prisoner requests witnesses or documents for the first time at the hearing, the hearing may be adjourned to obtain these if the hearing officer determines that an adjournment is necessary to assist him/her in the decision. An adjournment is not necessary, and usually should not be granted, if the requests were not made because the prisoner refused to participate in the review process or during hearing investigation. An adjournment is solely a matter within the hearing officer's discretion.

Thus, adjournments are within the discretion of the ALJ. Moreover, the MDOC Hearing Handbook expressly addresses circumstances in which a prisoner does not request witnesses until the time of the hearing and suggests that an adjournment is not warranted when the prisoner refused to participate in the investigation process.

-4-

With this guidance in mind, the ALJ was within his discretion to decline to adjourn the hearing because petitioner did not meaningfully participate in the investigative process. Petitioner did not outright refuse to participate, but failed to identify the witnesses to the hearing investigator and did not provide the ALJ any reasonable explanation for his failure to do so. Under these circumstances, an adjournment was not warranted and the failure to adjourn did not deprive petitioner of due process. Further, as discussed below, petitioner's being found not guilty of subsequent, similar incidents on separate records does not alter whether the ALJ properly denied his request for an adjournment.

## C. SUBSEQUENT ALLEGED MISCONDUCTS

Petitioner argues that the circuit court erred by not considering that he was found not guilty of two subsequent, similar disobeying a direct order misconducts, which demonstrate that he was in fear for his life and justified in disobeying the corrections officer's order. That argument is unpersuasive. Expansion of the record to consider the subsequent misconducts was not warranted, and the ALJ's decision was supported by the available evidence.

In an appeal from an administrative agency, "the record includes all documents, files, pleadings, testimony, and opinions and orders of the tribunal, agency, or officer (or a certified copy), except those summarized or omitted in whole or in part by stipulation of the parties." MCR 7.210(A)(2). See MCR 7.109 (defining the record on appeal from an agency in circuit court as that defined in MCR 7.210(A)(2)). Under MCL 24.303(3), review of an agency's decision is generally confined to the record. However, the court may expand the record to consider alleged irregularities in procedure before the agency that were not shown in the record. MCL 24.303(3). Under MCL 24.305, the court may also allow additional evidence when "it is shown to the satisfaction of the court that an inadequate record was made at the hearing before the agency or that the additional evidence is material, and that there were good reasons for failing to record or present it in the proceeding before the agency[.]"

Here, the subsequent misconducts were obviously not a part of the record before the ALJ on the first misconduct and, therefore, cannot be part of the record on appeal. The other misconducts occurred *after* the ALJ made his decision and have no bearing on whether the ALJ made a proper decision on the record before him. Petitioner argues that "in hindsight" the subsequent misconducts demonstrate that his defense had merit, but our role is not to consider whether the ALJ's decision was correct with the benefit of hindsight. Judicial review of an administrative agency's decision is limited to determining whether the decision was authorized by law or rule and whether the agency's findings of fact were "supported by competent, material, and substantial evidence on the whole record." Const 1963, art 6, § 28; MCL 791.255(4).

Although the record may be expanded to consider alleged procedural irregularities under MCL 24.304(3), the differing outcomes between the initial and subsequent misconducts do not reflect procedural errors warranting such expansion. As discussed, the hearing investigator performed a reasonable investigation, considering the straightforward nature of underlying misconduct and the little information provided by petitioner during the initial hearing investigation process. There were no apparent procedural irregularities in the initial administrative proceedings. Instead, the record supports that petitioner's failure to meaningfully participate in the process led to a lack of evidence in the first misconduct hearing and that petitioner more fully participated in

subsequent investigations resulting in a different outcome. Expansion of the record under MCL 24.305 is also not warranted because evidence of the subsequent misconducts was not available at the time of the initial hearing.

As the circuit court concluded, on the record before the ALJ at the time of the initial misconduct hearing, there was no dispute that petitioner disobeyed a direct order. Although petitioner argued that his fear justified his refusal to comply, petitioner provided no evidence to support his defense beyond his own testimony. When interviewed by the hearing investigator, petitioner did not identify witnesses to the alleged threats and did not request any documents to support his claims. Thus, the record demonstrates that the ALJ's finding that petitioner disobeyed a direct order and that petitioner was not at significant risk of harm by complying with the order was supported by the competent, material, and substantial evidence on the whole record.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock