CLARK v KATZ

1. APPEAL AND ERROR—TRIAL—STAY OF PROCEEDINGS—PAYMENT OF COSTS—COURT RULES.

   The Court of Appeals will not presume that a trial judge considered himself obligated by a court rule to set aside a stay of proceedings upon a party's declaration of indigency regarding payment of taxed costs in a previous appeal where the order setting aside the stay does not mention the court rule and does not grant the relief provided for by that court rule (GCR 1963, 120).

2. TRIAL—NEW TRIAL—STAY OF PROCEEDINGS—COSTS ON APPEAL— PAYMENT OF COSTS—JUDGE'S DISCRETION.

   A trial court may stay the retrial of a case pending payment of costs taxed on a former appeal in that case; the grant of such a stay of proceedings is a matter calling primarily for the exercise of discretion by the trial court.

3. TRIAL—NEW TRIAL—STAY OF PROCEEDINGS—PAYMENT OF COSTS— INDIGENT PARTY—COSTS ON APPEAL.

   The granting to a defendant of a stay of proceedings until the plaintiff pays costs taxed on a former appeal in the case, where the plaintiff is indigent and is receiving public assistance, is appropriate only upon a determination that the plaintiff's action is vexatious or not in good faith, or for some other equally good reason why it would be inequitable to permit the plaintiff to continue the action without paying the costs.

4. APPEAL AND ERROR—RETRIAL OF CAUSE—VEXATIOUS ACTIONS— JUDGE'S DISCRETION.

   The Court of Appeals should not hold that a plaintiff's effort to retry her cause of action is vexatious or not being carried on in good faith merely because an earlier jury verdict in her favor was overturned as being against the great weight of the evidence; such a determination is best left to the trial court.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Appeal and Error § 1009.
[4] 4 Am Jur 2d, Appeal and Error § 326.

Appeal from Wayne, Peter B. Spivak, J. Submitted May 5, 1976, at Detroit. (Docket No. 24140.) Decided September 7, 1976.

Complaint by Jurlean Clark against Benny Katz, Ernest Kappell, and Wolf Katz for damages for false imprisonment. Judgment for plaintiff. Defendants appealed. Reversed and remanded for a new trial. On remand, the trial court entered a stay of the new trial proceedings pending payment by the plaintiff to the defendants of costs taxed by the Court of Appeals. The plaintiff filed an affidavit of indigency and averred that she was receiving public assistance, and the stay was set aside. Defendants appeal by leave granted. Affirmed.

*Brukoff & Dubin,* for plaintiff.

*Louis Weingarden,* for defendants.

Before: BRONSON, P. J., and D. E. HOLBROOK, JR. and D. F. WALSH, JJ.

BRONSON, P. J. In a false imprisonment suit tried in 1972, plaintiff received a jury verdict and judgment for $10,000 against defendants. The judgment was reversed and remanded for a new trial by a panel of this Court in an unpublished opinion holding that the jury verdict was against the great weight of the evidence. *Clark v Katz,* unpublished per curiam, No. 16985, released August 16, 1974. Costs were awarded to defendants, and were taxed in the amount of $751.75.

Upon remand, defendants petitioned the trial court to stay the new trial until plaintiff paid defendants the costs taxed by the Court of Appeals. The trial court entered such an order staying trial on February 28, 1975, but stated in the order that the action was taken without prejudice

to plaintiff's raising a defense under GCR 1963, 120.

Plaintiff subsequently filed an affidavit averring that she was indigent, receiving public assistance, and was unable to pay defendants the $751.75. After an exchange of briefs, the trial judge on March 20, 1975 entered the order now under attack by defendants. That order, in its entirety, reads as follows:

"Upon the reading and filing of the Affidavit of Indigency of the Plaintiff, Jurlean Clark, and the Court being advised in the premises;

"IT IS ORDERED that the Order for Stay or [sic] Proceedings dated February 28, 1975 be and hereby is set aside."

Defendants sought and were granted leave to appeal that interlocutory order. Defendants now call upon us to rule that GCR 1963, 120 did not mandate the trial court's action in setting aside the stay of proceedings previously entered. We do not agree with defendants' statement of the issue presented on this appeal. That court rule provides for the waiver or suspension of fees and costs for indigent persons and persons receiving public assistance in certain cases. The order appealed from here neither waived nor suspended the costs awarded defendants by this Court. We note that a panel of this Court has recently construed GCR 1963, 120 as applying only to court costs and fees which must be paid by litigants to the court. *Gaffier v St John's Hospital,* 68 Mich App 474; 243 NW2d 20 (1976). However, since the order appealed from here makes no reference to GCR 1963, 120 and does not grant the relief provided for by that court rule, we will not presume that the trial judge considered himself obligated by that court

rule to set aside the stay of proceedings previously granted. The order appealed from did not require justification by GCR 1963, 120.

We agree with defendants that a trial court *may* stay the retrial of a case pending payment of costs taxed on a former appeal in that case. *Clark v Bay Circuit Judge,* 154 Mich 483; 117 NW 1051 (1908). The very statement of this rule implies, however, that such action is not always appropriate and that the matter is one calling primarily for the exercise of discretion by the trial court.

In *Clark, supra,* the Supreme Court upheld a trial judge's action in staying a new trial after Supreme Court reversal of a previous judgment until such time as costs taxed in favor of defendants on appeal were paid. The majority opinion held that the trial judge had not abused his discretion in the matter, and relied primarily on the trial court's better opportunity for appraisal of the character of plaintiff's claim. A concurring opinion, by two justices, agreed with the result on the basis that inability to pay costs had not been asserted, but indicated that had indigency been claimed, the order granting the stay would have constituted an abuse of discretion. *Clark, supra,* 484, OSTRANDER, J., concurring.

The underlying rule is clarified by reference to *Felt v Amidon,* 48 Wis 66; 3 NW 825 (1879), a case relied on by the majority in *Clark.* There the Wisconsin Court, upon discussing a situation similar to that presented in the instant case, indicated that a stay of a new trial until payment of costs taxed on a former appeal would be appropriate where the plaintiff was financially able to pay such costs but refused to do so. They indicated further that such a stay would probably be of little help to defendants in collecting costs where the plaintiff

was indigent and for that reason would be appropriate only if it appeared that plaintiff's action was merely vexatious, without merit, or not prosecuted in good faith.

The continued viability of the reasoning used in *Clark* and *Felt* is reflected in the recent decision by this Court in *Gaffier v St John's Hospital, supra,* where the panel was faced with deciding when an indigent plaintiff could be ordered to post a security bond for costs under GCR 1963, 109. After holding that GCR 1963, 120, had no application to the question, the Court held that where a substantial reason for requiring such a bond was shown by defendants, and a Rule 109 bond would be proper absent plaintiff's poverty, it would nevertheless constitute an abuse of discretion in most cases for the trial judge to order the posting of security if plaintiff's pleadings showed a valid theory of liability. The test thus adopted is similar in purpose and effect to that which we apply to the factual situation before us now.

The authorities cited require affirmance of the order appealed from here. In view of plaintiff's indigency, and the fact that she is receiving public assistance, the granting of a stay to defendants until payment of appellate costs would have been appropriate only upon determination by the trial judge that plaintiff's action was merely vexatious or not being carried on in good faith or for some equally good reason why it would be inequitable to permit plaintiff to continue this action without paying the costs. The trial judge made no such finding.

We also reject defendants' argument that we should find plaintiff's action to be merely vexatious and reverse the trial court's order on that ground. In her first action, plaintiff presented sufficient

evidence to warrant the submission of her cause of action to a jury and received the jury verdict. Although, as noted earlier, that verdict was overturned as being against the great weight of the evidence, we are not for that reason alone prepared to hold that plaintiff's effort to retry her cause of action is necessarily vexatious or not being carried on in good faith. Such a determination is best left to the trial court.

We conclude that the trial court's order setting aside his previous order granting defendants a stay of proceedings pending payment by plaintiff of costs taxed on the former appeal in this case was not an abuse of discretion.

Affirmed. Costs to plaintiff.