WELLS v DEPARTMENT OF CORRECTIONS

Docket No. 96796. Decided October 31, 1994. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, reversed in part the judgment of the Court of Appeals and reinstated the order of the circuit court taxing costs against the plaintiff.

Michael A. Wells, an inmate in the custody of the Department of Corrections, brought an action in the Lenawee Circuit Court against the department and four of its employees, alleging assault and mistreatment, and further moved for waiver of fees and costs because of indigency. The court, John C. Timms, J., granted the plaintiff's motion and waived costs and fees. Thereafter, the court granted summary disposition for the defendants and ordered costs taxed against the plaintiff. The Court of Appeals, HOOD, P.J., and NEFF and REILLY, JJ., in an unpublished opinion per curiam, affirmed the summary disposition, but set aside the order taxing costs on the ground that an initial determination of indigency remained in effect (Docket No. 134960). Thereafter, the Court of Appeals, HOOD, P.J., and NEFF, J. (REILLY, J., dissenting), in an unpublished order, denied rehearing. The defendants seek leave to appeal the reversal of the order taxing costs.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court held:

While it is proper to waive fees and costs to permit an indigent plaintiff to litigate a dispute, that person bears any adverse judgment rendered in the suit, together with the appropriate taxed costs in consequence of the adverse verdict.

MCR 2.002 describes costs and fees as the sums that a party must pay to the court for the opportunity to litigate a dispute. MCR 2.625, governing taxation of costs, serves a different purpose, reimbursement of the prevailing party, and is not governed by MCR 2.002. Although MCR 2.002 assures that an indigent person has access to the courts, once admitted, an indigent person, like any other litigant, can be liable for taxed costs as a nonprevailing party. In this case, the Court of Appeals applied the principles governing fees and costs under MCR 2.002 to costs taxable under MCR 2.625. Those are two

different types of costs, payable for distinct purposes to different recipients.

Reversed in part.

Justice LEVIN, dissenting, stated that a court, in the exercise of discretion, may direct that costs not be taxed against an indigent prisoner who commenced an action against his jailers, although they are the prevailing party, and that the Court of Appeals may review a decision of the circuit court taxing costs against an indigent prisoner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Thomas E. McClear,* Assistant Attorney General, for the defendant.

PER CURIAM. After an order granting summary disposition in their favor, the defendants asked the circuit court to tax costs against the plaintiff. The circuit court entered such an order, but the Court of Appeals reversed on the ground that an initial determination of indigency remained in effect. We conclude that the circuit court's order was proper, and we therefore reverse in part the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

I

The plaintiff is a prisoner of the Department of Corrections. In 1990 he sued four employees of the department, alleging that he had been assaulted and otherwise mistreated. ·

With his complaint, the plaintiff filed a motion for waiver of fees and costs because of indigency. MCR 2.002(D). The circuit court granted the motion.

The defendants moved for summary disposition on the grounds of governmental immunity and

failure to state a claim upon which relief could be granted. MCR 2.116(C)(7), (8). The circuit court granted the motion, ruling that the defendants were immune and that the plaintiff's claims were "frivolous."

After the circuit court entered its order granting summary disposition, the defendants moved for an order taxing costs against the plaintiff in the amount of fifty dollars.[1] MCL 600.2441(2); MSA 27A.2441(2).

The circuit court granted this motion also, and entered an order requiring the plaintiff to pay fifty dollars in taxable costs to the State of Michigan.

The plaintiff appealed to the Court of Appeals, which affirmed the summary disposition, but set aside the taxed costs.[2] The Court of Appeals later denied rehearing.[3]

The defendants have applied to this Court, seeking leave to appeal the reversal of the order taxing costs.

II

The court rules provide that a court may waive or suspend "fees and costs required by law or court rule" upon a showing of indigency.[4] A court may

---

[1] The defendants sought twenty dollars for pretrial proceedings, twenty dollars for the motion that resulted in summary disposition, and ten dollars for the judgment fee.

[2] Unpublished opinion per curiam of the Court of Appeals, issued March 8, 1993 (Docket No. 134960).

[3] Unpublished order of the Court of Appeals, issued May 18, 1993 (Docket No. 134960). Judge REILLY dissented.

[4]   Other Indigent Persons. If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs required by law or court rule, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation. [MCR 2.002(D).]

later order that waived fees and costs be paid, if the party is no longer indigent.[5]

Elsewhere, the rules provide for the taxation of costs in favor of the prevailing party.[6] However, the rules do not provide for the waiver or suspension of costs taxed against an indigent who has lost a suit or appeal.[7]

In the present case, the Court of Appeals set aside the taxed costs on the ground that the circuit court failed to ascertain under MCR 2.002(G) whether the plaintiff was still indigent:

> MCR 2.002(D) provides for waiver or suspension of court costs for indigents. MCR 2.002(G) permits reinstatement of costs when the reason for the waiver or suspension no longer exists. *Langworthy v Dep't of Corrections,* 192 Mich App 443, 445; 481 NW2d 726 (1992). The record does not establish that plaintiff's indigency no longer exists. We therefore reverse the order taxing costs against plaintiff. See *Brown v Dep't of Corrections,* 439 Mich 971; 483 NW2d 381 (1992). We remand this case to the trial court for a hearing on the issue of plaintiff's indigency. If plaintiff is found to continue to be indigent, plaintiff shall not be required to pay costs.

### III

The court rules use the word "costs" to describe

---

[5] Reinstatement of Requirement for Payment of Fees and Costs. If the payment of fees or costs has been waived or suspended under this rule, the court may on its own initiative order the person for whom the fees or costs were waived or suspended to pay those fees or costs when the reason for the waiver or suspension no longer exists. [MCR 2.002(G).]

[6] In General. Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action. [MCR 2.625(A)(1).]

[7] See, generally, MCR 2.625, 7.101(O), 7.219, 7.318, 7.319(B)(7).

two different types of assessment. The costs and fees described in MCR 2.002 are the sums that a party must pay to the court for the opportunity to litigate a dispute. Taxed costs serve a different purpose—reimbursement of the prevailing party.[8] The taxation of costs under MCR 2.625—a party's obligation to pay costs incurred by the other party during the course of litigation—is not governed by MCR 2.002.[9]

The procedure set forth in MCR 2.002 assures that an indigent person has access to the courts.

---

[8] Even the phrase "taxed costs" can have more than one meaning. In *Reppke v Macomb Circuit Judge,* 394 Mich 462; 231 NW2d 644 (1975), this Court vacated an order that conditioned the setting aside of a default on the payment of costs. See MCR 2.603(D)(4) and GCR 1963, 520.4; see also MCR 2.625(D) and GCR 1963, 526.8. Despite the similarity in nomenclature and the inclusion of such costs in MCR 2.625, the "taxable costs" discussed in *Reppke* are not governed by the same principles as the postjudgment taxable costs treated in the present case.

[9] This distinction was discussed in 1 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.002, pp 31-32:

Several decisions have established that GCR 120, the predecessor section to MCR 2.002, applied only to those costs payable to the court. Thus in *Gaffier v St Johns Hospital,* 68 Mich App 474; 243 NW2d 20 (1976), the Court of Appeals ruled that bonds required under GCR 109 (now MCR 2.109) were not subject to the waiver or suspension provisions of GCR 120. Likewise, in *Clark v Katz,* 71 Mich App 115; 246 NW2d 394 (1976), the Court of Appeals ruled that an order staying retrial of an action until the payment of costs assessed against the indigent on appeal was not subject to GCR 120. Finally, the Supreme Court, in *Reppke v Macomb County Circuit Judge,* 394 Mich 462; 231 NW2d 644 (1975), made no reference to GCR 120 in setting aside that portion of an order that conditioned relief from a default judgment upon the payment of costs by the defendant.

The noncoverage of some kinds of costs by GCR 120, and by implication, their noncoverage under MCR 2.002, does not mean that indigent parties are not entitled to relief. In fact, in *Gaffier* the bond required by the trial court was set aside on appeal, in *Clark* the trial court's stay conditioned upon payment of costs was set aside, and in *Reppke* the trial court's imposition of the payment of costs as a condition of setting aside a default was disapproved.

In each of these cases the significance of the ruling that the

However, once admitted to the courthouse, an indigent person, like any other litigant, can be liable for taxed costs as a nonprevailing party.[10]

The United States Court of Appeals for the Sixth Circuit has likewise held that costs may be taxed against an indigent Michigan prisoner proceeding in forma pauperis under the federal rules. While the district court has the discretion to choose not to impose costs against such a litigant, there is no constitutional bar to an order taxing costs against an indigent imprisoned plaintiff. *Weaver v Toombs*, 948 F2d 1004 (CA 6, 1991).

In this case, the Court of Appeals has applied the principles governing fees and costs under MCR 2.002 to costs taxable under MCR 2.625. Those are two different types of costs, payable for distinct purposes to different recipients. While it is proper to waive fees and costs to permit an indigent plaintiff to litigate a dispute, that person bears any adverse judgment rendered in the suit, together with the appropriate taxed costs in consequence of the adverse verdict.

action in question was not subject to GCR 120 was thus not that relief could not be granted because of indigency, but that certain reasonable conditions not found in GCR 120 (or MCR 2.002) could be imposed. Thus in *Gaffier* the Court of Appeals indicated that relief from the requirement of a security bond under GCR 109 (MCR 2.109) could be conditioned on a finding that the indigent plaintiff had a "legitimate" cause of action. In *Clark*, the relief from a stay conditioned upon payment of costs following reversal on appeal could itself be conditioned a determination that the plaintiff's action was not merely vexatious or not being carried on in good faith. And in *Reppke*, the condition upon the setting aside of default was set aside but the trial court was specifically instructed that it had the power to assess all or a portion of taxable costs against the indigent party's attorney upon a finding of culpable negligence.

[10] In some respects, taxed costs are akin to an adverse judgment. A court may enter a civil judgment against an indigent defendant or counterdefendant, even though the judgment is likely to be uncollectible. As the Attorney General observes, a seemingly uncollectible judgment can grow in value if the indigent person's financial circumstances improve suddenly.

For these reasons, we reverse in part the judgment of the Court of Appeals and reinstate the order of the circuit court taxing costs against the plaintiff. MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). The court rules provide for the taxation of costs in favor of the prevailing party except as "otherwise" ordered or directed by the court.* I would hold that a court may, in the exercise of discretion, direct that costs not be taxed against an indigent prisoner who commenced an action against his jailers, although they are the prevailing party, and that the Court of Appeals may review a decision of the circuit court taxing costs against an indigent prisoner.

---

* MCR 7.318 referencing MCR 7.219; MCR 7.219; MCR 7.101(O) referencing MCR 2.625; MCR 2.625.