# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH LYNN NORTLEY,

        Plaintiff-Appellant,

v

DENNIS HURST, DENNIS HURST &
ASSOCIATES, and MICHAEL ROSENTHAL,

        Defendants-Appellees.

FOR PUBLICATION
October 10, 2017
9:00 a.m.

No. 333240
Jackson Circuit Court
LC No. 16-000110-NM

Before: TALBOT, C.J., and O'CONNELL and O'BRIEN, JJ.

O'CONNELL, J.

Plaintiff, Sarah Lynn Nortley, appeals as of right the trial court's grant of defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations). Nortley challenges the trial court's conclusion that the six-year statutory period of repose barred her claim because the statute of repose went into effect after her claim accrued. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nortley retained Dennis Hurst, of the law firm Dennis Hurst & Associates, in August 2008 to represent her in a divorce proceeding. The judgment of divorce, entered on June 12, 2009, contained a provision terminating representation 21 days after the date of entry of the judgment.

The divorce became final 11 days before the tenth anniversary of the marriage. A person can claim social security benefits through a former spouse if the marriage lasted ten years or more.[1] Nortley alleged that she learned about this rule on September 5, 2015, during a conversation with her mother.

---

[1] The regulation contains additional requirements for a person to claim social security benefits through a former spouse. 20 CFR 404.331 (2017). Among other requirements, the claimant is not entitled to a former spouse's benefit if the claimant is remarried and if the claimant is entitled to a benefit greater than the former spouse's benefit. 20 CFR 404.331(c) and (e).

Nortley brought a legal malpractice claim against defendants on January 15, 2016. Nortley contended that defendants failed to advise her that social security benefits were only available to a former spouse if the marriage lasted ten years or more.

Defendants Hurst and the law firm denied the allegations of malpractice, maintaining that they fully advised Nortley about all aspects of the divorce. Defendant Michael Rosenthal answered separately to deny the allegations because he only attended one court hearing on behalf of Hurst and did not participate in advising Nortley about the divorce.

Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that two statutes of limitations, MCL 600.5805(1) and (6) and MCL 600.5838(2), and a statute of repose, MCL 600.5838b, barred Nortley's malpractice claim. Nortley opposed the motion, arguing that she brought the action within the statutory period of limitations because she filed it within six months of discovering the basis for the claim. Nortley contested defendants' invocation of the statute of repose because it went into effect after the cause of action accrued and did not apply retroactively. Finally, Nortley argued, retroactive application of the statute of repose violated her right to due process because the statutory period expired before she knew about the basis of the malpractice claim. The trial court concluded that the statute of repose barred Nortley's claim and granted defendants' motion for summary disposition.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant summary disposition. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). This Court also reviews de novo the trial court's application of a statute of limitations, *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014), and the constitutionality of a statute, *Stevenson v Reese*, 239 Mich App 513, 516; 609 NW2d 195 (2000).

Summary disposition under MCR 2.116(C)(7) is appropriate when a statute of limitations bars the claim. This Court accepts plaintiff's allegations as true and considers all admissible evidence to decide whether it presents a genuine issue of material fact. *Nuculovic*, 287 Mich App at 61.

The primary goal of statutory interpretation is to effectuate the Legislature's intent by applying the plain language of the statute. *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). If the statute is clear and unambiguous, we apply it as written. *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386; 389; 559 NW2d 98 (1996). Otherwise, if the statute is ambiguous, "judicial construction is appropriate." *Id*. at 389-390. This Court construes statutes of limitations and repose to promote the policy of protecting defendants from stale claims. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998).

## III. ANALYSIS

A professional malpractice claim accrues when the professional stops serving the plaintiff in a professional capacity on the matter giving rise to the claim. MCL 600.5838(1). A plaintiff must bring a malpractice action within two years of accrual of the claim, MCL 600.5805(1) and (6), within six months of when she discovered or should have discovered the claim, MCL

600.5838(2), or within six years of the act or omission giving rise to the claim, whichever period is earlier. MCL 600.5838b(1). This six-year statutory period of repose went into effect on January 2, 2013. 2012 PA 582.

In this case, the claim accrued on July 3, 2009, when defendants' representation ceased 21 days after entry of the judgment of divorce. Nortley filed her complaint on January 15, 2016, beyond both the two-year period of limitations and the six-year period of repose. Nortley argues that the statute of repose does not apply retroactively to bar her claim because the Legislature enacted it after the claim accrued and did not provide for retroactive application. Accordingly, Nortley contends, the complaint was timely because she filed it within six months of discovering the existence of the claim. We disagree.

Legislative intent governs whether a statute applies retroactively or prospectively only. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001). Generally, a new or amended statute applies prospectively unless the Legislature clearly and unequivocally intends for the statute to have retroactive effect. *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155-156; 725 NW2d 56 (2006). Reference to events that have already occurred does not require retroactive application. *Id*. at 156. An exception to the general rule presuming prospective application only is a statute that is remedial or procedural in nature and whose prospective application will not deny vested rights. *Id*. at 158.

The enactment of the statute of repose did not deny a vested right. Nortley's legal malpractice claim accrued in July 2009. When the statute of repose went into effect on January 2, 2013, Nortley still had more than two years to bring a timely claim within the six-year period of repose. Thus, the amended legislation did not prevent Nortley from filing a timely claim. This circumstance distinguishes this case from cases examining the immediately preclusive effect of a newly-enacted statute of limitations. See, e.g., *Davis*, 272 Mich App at 166 (noting that a new one-year deadline immediately precluded the plaintiff's claim). Accordingly, we apply the statute of repose as written to Nortley's then-viable claim to conclude that her complaint was untimely.

Nortley's discovery of the claim after the six-year statute of repose does not alter this conclusion. Unlike a statute of limitations, a statute of repose bars a claim after a fixed period of time from the defendant's act or omission and may prevent accrual of a claim even if the injury happens after the statutory period has expired. *Frank v Linkner*, ___ Mich ___; 894 NW2d 574 (2017); slip op at 6-7. The statute setting the deadlines for bringing a legal malpractice claim makes clear that the six-year period of repose caps the time for bringing a claim within six months of discovery. See MCL 5838b(1). Therefore, the trial court did not err by granting defendants' motion for summary disposition.

We also reject Nortley's argument that retroactive application of the statute of repose to bar her claim violates due process. A statute comports with due process if it "bears a reasonable relation to a permissible legislative objective." *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich 378, 404; 738 NW2d 664 (2007) (citation and quotation marks omitted).

Nortley relies on *Price v Hopkin*, 13 Mich 318 (1865), and *O'Brien v Hazelet & Erdal*, 410 Mich 1; 299 NW2d 336 (1980), to support her argument. In *Price*, 13 Mich at 322-323, 326,

the Supreme Court held that the enactment of a statute shortening the adverse possession period from 20 years to 15 years deprived the plaintiff of due process by immediately barring the plaintiff's claim. In *O'Brien*, 410 Mich at 15-16, the Supreme Court concluded that a six-year period of repose for claims against architects and engineers did not violate due process when it prevented the plaintiffs from bringing claims that accrued after six years. The Supreme Court reasoned that the statute of repose balanced interests in protecting architects and engineers from unlimited liability and redressing plaintiffs' injuries. *Id*. at 16.

Likewise, in this case, the statute of repose reflects the reasonable legislative purpose of protecting professionals from stale claims. See *Frankenmuth Mut Ins Co*, 456 Mich at 515. Moreover, unlike *Price*, 13 Mich at 326, enactment of the six-year period of repose did not immediately extinguish Nortley's claim. Thus, application of the statute of repose to Nortley's claim did not violate due process.

We affirm.

/s/ Peter D. O'Connell
/s/ Michael J. Talbot
/s/ Colleen A. O'Brien

-4-