*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SOVEREIGN O'DELL,

      Plaintiff-Appellant,

v

BALWANT SINGH, DVM, EASCOR ANIMAL
HOSPITAL d/b/a PET VET ANIMAL HOSPITAL,
AMRIT SINGH, FNU SINGH, and NAMES
UNKNOWN,

      Defendants-Appellees.

UNPUBLISHED
May 19, 2022

No. 357356
Genesee Circuit Court
LC No. 19-113575-NM

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, appearing *in propria persona*, appeals as of right the trial court order granting defendants' motion for summary disposition under MCR 2.116(C)(7). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On June 1, 2017, plaintiff brought her dog to defendant animal hospital for treatment for a broken toenail. Plaintiff returned approximately one week later, and a surgical procedure was performed on her dog. Following this surgical procedure, the dog's condition allegedly worsened. Although defendants represented that the dog needed to be treated with a course of antibiotics, plaintiff took the dog to a different veterinarian and an amputation of the dog's hind leg occurred. The last treatment of the dog by defendants occurred on June 15, 2017. Plaintiff filed her complaint alleging "Medical Malpractice/Professional Negligence MCL 600.2912b" among other claims on November 15, 2019. She later amended her complaint to remove the medical malpractice action,[1] but continued to allege injury resulting from defendants' treatment of the dog.

---

[1] Although the first amended complaint removed the medical malpractice action, it continued to note that a notice of intent to file suit had been served under MCL 600.2912(4).

Defendants moved for summary disposition, contending that the claims were barred by the two-year statute of limitations governing malpractice, and the gravamen of all of plaintiff's claims fell within the claim of malpractice.[2]  The trial court granted defendants' motion.  From this ruling, plaintiff appeals.

## II.  STANDARDS OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo.  *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021).  The trial court's application of a statute of limitations is also reviewed de novo.  *Nortley v Hurst*, 321 Mich App 566, 570; 908 NW2d 919 (2017).  "Summary disposition under MCR 2.116(C)(7) is appropriate when a statute of limitations bars the claim."  *Id.*  A party moving for summary disposition under MCR 2.116(C)(7) may support the motion with admissible documentary evidence such as affidavits, depositions, admissions, or other pertinent documents.  *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014) (citation omitted).  Generally, the defendant relying on the statute of limitations defense bears the burden of proving facts to bring the case within the statute.  *Id.*  If a factual dispute is not presented, the issue of whether a plaintiff's claim is barred by the applicable statute of limitations is a question of law for the court to resolve.  *Id.*

An issue of statutory interpretation presents a question of law that the appellate court reviews de novo.  *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021).  A trial judge is presumed to be unbiased, and the party claiming otherwise bears the heavy burden of overcoming the presumption.  *TT v KL*, 334 Mich App 413, 431-432; 965 NW2d 101 (2020).

## III.  ANALYSIS

As an initial matter, we note that plaintiff failed to produce the transcripts pertaining to the dispositive motion as well as other motions or hearings during which the trial court and defendants' counsel purportedly acted in a biased and disparaging manner toward plaintiff.  This Court twice requested plaintiff file the transcripts, but she never responded.[3]  As appellant, plaintiff had the obligation to file the complete transcript of testimony and other proceedings, MCR 7.210(B)(1)(a),[4] and "appellate review is limited to what is presented on appeal."  *In re D,*

---

[2] The parties dispute the underlying facts surrounding the treatment of the dog.  Defendants alleged that plaintiff was advised regarding the care and treatment of the wound, the need to place a cone on the dog, and the need to return for follow-up care.  Defendants asserted that plaintiff failed to follow their instructions.  Contrarily, plaintiff alleged that defendants placed an inappropriate bandage on the dog that caused injury.  This factual disparity is not pertinent to the disposition premised on the statute of limitations.

[3] Our Clerk's Office sent a letter to plaintiff on August 25, 2021, and on February 28, 2022, requesting the transcripts.

[4] The parties may stipulate that less than the full transcript will be filed, MCR 7.210(B)(1)(d), or stipulate to a statement of facts without obtaining the transcript, MCR 7.210(B)(1)(e).  The parties did not present a stipulation to this Court.  Accordingly, plaintiff was not excused from submitting the transcripts.

*Minor*, 329 Mich App 671, 680 n 6; 944 NW2d 180 (2019). Unless a party has been excused from production of the entire transcript, "a transcript of all proceedings must be supplied, even where it does not appear that a particular transcript of a particular proceeding is directly relevant to the issues on appeal." *Nye v Gable, Nelson & Murphy*, 169 Mich App 411, 416; 425 NW2d 797 (1988). This Court will not consider any issue for which the appellant failed to produce the transcript. *PT Today, Inc v Comm'r of Financial & Ins Servs*, 270 Mich App 110, 151-152; 715 NW2d 398 (2006). "We . . . will not consider any alleged evidence or testimony proffered by the parties where there is no record support." *Band v Livonia Assoc*, 176 Mich App 95,104; 439 NW2d 285 (1989). When a party fails to secure the transcript of the motion hearing, this Court is "unable to review the trial court's decision to determine if it erred in concluding that the applicable period of limitation had run since, without the necessary transcript, we have no way of knowing the basis of the trial court's ruling." *Nye*, 169 Mich App at 413. It is "inappropriate to conclude that the trial court was wrong when we do not even know the trial court's reasoning or have [the] benefit of reviewing the arguments made before the trial court at the motion hearing." *Id*. In light of plaintiff's failure to file the requisite transcripts, she is not entitled to appellate relief.

## A. STATUTE OF LIMITATIONS

Even if we overlooked plaintiff's failure to submit the required transcripts[5] and addressed her arguments regarding the statute of limitations as a question of law, *Stephens*, 307 Mich App at 227, we conclude she is not entitled to relief.

Plaintiff contends the trial court erred by concluding the two-year statute of limitations period applicable to medical malpractice actions governed this case because the veterinary hospital did not constitute a healthcare facility or agency and a veterinarian was not a licensed healthcare professional. Therefore, plaintiff submitted that the three-year statute of limitations applicable to ordinary negligence claims applied.

"A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession." MCL 600.2912(1). To practice veterinary medicine in Michigan, a person must be licensed or otherwise authorized by statute. MCL 333.18811(1). "Professional malpractice arises from the breach of a duty owed by one rendering professional services to a person who has contracted for those services." *Broz v Plante*

---

[5] The original April 26, 2021 order granting summary disposition stated that the motion was granted "for the reasons stated on the record." But plaintiff objected to the entry of this seven-day order and sought to transfer the case to district court, asserting that the district court had exclusive jurisdiction. Consequently, the trial court set aside the order granting summary disposition, but entered an order granting summary disposition as of May 10, 2021 for appeal purposes. The trial court also denied plaintiff's objections to entry of the order and to transfer the case to district court "for the reasons stated on the record." In the course of ruling on plaintiff's motions, it was alleged that the trial court as well as defense counsel made disparaging remarks about plaintiff. In fact, plaintiff purportedly quotes inappropriate statements made by the trial court in her brief on appeal. Because the trial court's reasons for its rulings were stated on the record, and we cannot verify the quoted comments allegedly made by the trial court in the absence of the transcripts, it was imperative that plaintiff file the transcripts to support her claims.

*& Moran, PLLC*, 331 Mich App 39, 50; 951 NW2d (2020) (citation omitted). "A professional malpractice claim is a tort claim predicated on the failure of the defendant to exercise the requisite professional skill." *Id*. Generally, to allege a claim of professional malpractice, a plaintiff must claim: "(1) the existence of a professional relationship, (2), negligence in the performance of the duties within that relationship, (3) proximate cause, and (4) the fact and extent of the client's injury." *Estate of Voutsaras v Bender*, 326 Mich App 667, 672-673; 929 NW2d 809 (2019).

For an action charging malpractice, the period of limitations is two years. MCL 600.5805(8). Thus, regardless of whether plaintiff raised a claim alleging medical malpractice or general professional malpractice, the period of limitations is the same, two years. See *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 310; 901 NW2d 577 (2017) ("The limitations period for a medical malpractice action is two years.").

Defendants last treated plaintiff's dog on June 14, 2017. Plaintiff filed her complaint on November 15, 2019. Because plaintiff's complaint for professional malpractice was filed outside the two-year period of limitations, the trial court properly granted defendants' motion for summary disposition.

We reject plaintiff's attempt to characterize her litigation as involving negligence, breach of contract, breach of warranty, and other claims related to the treatment of her dog to avoid the two-year statute of limitations. "In deciding which period of limitations controls, we must first determine the true nature of the claim." *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007). "A party cannot avoid the dismissal of a cause of action through artful pleading. The gravamen of a plaintiff's action is determined by examining the entire claim. The courts must look beyond the procedural labels in the complaint and determine the exact nature of the claim." *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011) (Citations omitted). In *Bryant v Oakpointe Villa Nursing Centre*, 471 Mich 411, 422; 684 NW2d 864 (2004), our Supreme Court articulated a test to determine whether a claim, regardless of how it was pleaded, was actually a medical malpractice action:

> [A] court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions. [*Id*. (quotation marks, citations, and alterations omitted).]

Although the *Bryant* test was applied in the context of medical malpractice, we consider it as analogous to veterinary malpractice actions.

In this case, plaintiff raised a wide variety of claims, including breach of contract, fraud, gross negligence, trespass to chattel, and injury to service animal. Regardless of how this case was pleaded, plaintiff's claims arise from the alleged acts and omissions of defendants in treating her dog. These claims included the failure to properly diagnose and treat the injury and infection, the failure to properly bandage the injury, the failure to provide proper emergency treatment, and the

failure to provide proper discharge instructions. In applying the *Bryant* test, the first prong is satisfied because these alleged acts and omissions occurred in the context of the professional relationship between plaintiff and defendants. The second prong is likewise satisfied because the question of whether defendants properly examined, diagnosed, and treated the dog involves professional judgment that is beyond the expertise of laypeople.[6] Accordingly, regardless of how plaintiff pleaded the causes of action, the litigation arises from the treatment of plaintiff's dog in the course of a professional veterinary relationship. Thus, the dismissal of plaintiff's first amended complaint premised on the two-year statute of limitations was proper.

## B. JUDICIAL MISCONDUCT

As noted, plaintiff failed to provide the transcripts to demonstrate that the trial court exhibited bias and made disparaging comments to her. Regardless, there is no indication that plaintiff moved to disqualify the trial court. MCR 2.003. We cannot consider this issue or grant plaintiff relief in light of her failure to produce the transcript, *PT Today, Inc*, 270 Mich App at 151-152,[7] and to move to disqualify the trial court.[8] See *In re Forfeiture of $53.00*, 178 Mich App 480, 497; 444 NW2d 182 (1989) (an appellant must file a motion for disqualification under MCR 2.003 to preserve a judicial-bias claim for appeal).

Affirmed. Defendants, having prevailed, may tax costs. MCR 7.219(A); *Wells v Dep't of Corrections*, 447 Mich 415, 420; 523 NW2d 217 (1994).

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

---

[6] Plaintiff also argues that "even if the claims against the veterinarian-defendant had been dismissed, the claims against animal hospital and staff-defendants should have proceeded." Plaintiff supports this claim with citations to statutes governing medical malpractice, but, as is discussed above, this case involves a claim of veterinary malpractice. Therefore, the statutes pertaining to medical malpractice are inapplicable. The claims against the animal hospital and its staff likewise arise from alleged acts and omissions pertaining to the veterinary care given to plaintiff's dog by defendant veterinarian, Balwant Singh. Therefore, as discussed above, the trial court did not err by concluding that the gravamen of the actions against each defendant was veterinary malpractice.

[7] We note that plaintiff did allege that the trial court improperly advocated for defendant when the court clerk reminded defense counsel of the deadline to file a reply brief. This correspondence did not appear to advocate for defense counsel, but noted that the file was incomplete. Specifically, the clerk advised that the file may be incomplete because processing of electronic filings was delayed, and therefore, a submission of the brief through e-mail was requested. This communication does not reflect advocacy for the defense as urged by plaintiff.

[8] Likewise, plaintiff's failure to produce the transcript prohibits verification of her allegations that defense counsel engaged in inappropriate conduct.