*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON WIGGINS,

Plaintiff-Appellant,

v

G. SAL GANI,

Defendant-Appellee.

UNPUBLISHED
August 11, 2022

No. 357895
Ingham Circuit Court
LC No. 20-000599-NM

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

In this legal malpractice action, plaintiff, Shannon Wiggins, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(7) (statute of limitations) in favor of defendant, G. Sal Gani. Because Wiggins' claims were time-barred by the statute of repose, we affirm.

## I. BACKGROUND

Beginning in 2013, Gani represented Wiggins as her legal counsel in a federal criminal case arising from her practice as a medical doctor. The details of the criminal case are not relevant to this appeal. In January 2014, Wiggins entered into a plea agreement, and on August 22, 2014, the final judgment was entered in her criminal case. Before and during the criminal case, Wiggins was married, and her husband allegedly perpetrated domestic violence against her. Gani had represented Wiggins' husband in various cases before Wiggins' criminal case, including a domestic violence case in which Wiggins' husband had been accused of assaulting her. Wiggins alleged that in July 2020, she spoke to a friend who was an attorney; this friend informed Wiggins that Gani, by having previously represented Wiggins' husband, had a conflict of interest during Wiggins' criminal case. On October 26, 2020, Wiggins brought this legal malpractice action against Gani, raising claims for lack of competence, conflict of interest, and breach of contract. Gani moved for summary disposition under MCR 2.116(C)(7) (statute of limitations) and (8) (failure to state a claim).

Although Wiggins represented herself when she filed her complaint, she later informed the trial court that she had a former patient who was an attorney. This attorney purportedly wanted to

-1-

represent Wiggins, but he needed to wait a couple of months while he recovered from a back surgery. Wiggins requested an adjournment so that she could wait for this attorney to become available, but the court denied this request. On June 30, 2021, the court granted summary disposition in favor of Gani, concluding that Wiggins' claims sounded in legal malpractice and that the time allotted under both the statute of limitations and the statute of repose had elapsed before the filing of Wiggins' complaint. This appeal followed.

## II. STATUTE OF REPOSE

Wiggins argues that summary disposition was erroneously granted because her complaint was timely filed under the statute of repose.

Summary disposition is proper under MCR 2.116(C)(7) when a claim is barred by the statute of limitations. MCR 2.116(C)(7). We review de novo a trial court's decision on a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A party moving for summary disposition under MCR 2.116(C)(7) may support its motion with documentary evidence, and "[t]he reviewing court must view the pleadings and supporting evidence in the light most favorable to the nonmoving party" to determine whether the claim is barred under the statute of limitations. *Kincaid v Cardwell*, 300 Mich App 513, 522-523; 834 NW2d 122 (2013). "In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo." *Magee v DaimlerChrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005). We also review questions of statutory interpretation de novo. *Frank v Linkner*, 500 Mich 133, 141-142; 894 NW2d 574 (2017). "De novo review means that we review the legal issue independently" and without deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

On appeal, Wiggins does not dispute that her claims sounded in malpractice. Under the applicable statute of limitations, "[a] legal malpractice claim must be brought within two years of the date the claim accrues, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." *Kloian v Schwartz*, 272 Mich App 232, 237; 725 NW2d 671 (2006). Legal malpractice claims are further limited by the statute of repose, which provides in relevant part:

> (1) An action for legal malpractice against an attorney-at-law or a law firm shall not be commenced after whichever of the following is earlier:
>
> (a) The expiration of the applicable period of limitations under this chapter.
>
> *(b) Six years after the date of the act or omission that is the basis for the claim.*
>
> (2) A legal malpractice action that is not commenced within the time prescribed by subsection (1) is barred. [MCL 600.5838b (emphasis added).]

"Unlike a statute of limitations, a statute of repose bars a claim after a fixed period of time from the defendant's act or omission and may prevent accrual of a claim even if the injury happens after the statutory period has expired." *Nortley v Hurst*, 321 Mich App 566, 572; 908 NW2d 919 (2017).

Thus, whether or not the plaintiff has discovered the malpractice claim, the statute of repose prevents the plaintiff from filing a timely claim. See *id.* (explaining that "discovery of the claim after the six-year period of repose" does not render the claim timely).

This dispute centers on "the date of the act or omission that is the basis for the claim." MCL 600.5838b(1)(b). The act or omission that forms the basis for Wiggins' legal malpractice claims is Gani's legal services in the federal criminal case. In general, a malpractice claim "accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to *the matters out of which the claim for malpractice arose* . . . ." MCL 600.5838(1) (emphasis added). Thus, a "legal malpractice action accrues on the last day of [the] attorney's professional service in the underlying criminal matter" out of which the plaintiff's claims arose. *Gebhardt v O'Rourke*, 444 Mich 535, 554; 510 NW2d 900 (1994).

The final judgment in Wiggins' federal criminal case was entered on August 22, 2014, and the malpractice complaint was filed on October 26, 2020. Therefore, it is undisputed that the claims are barred by the statute of repose if Gani's representation of Wiggins concluded on the date that the final judgment was entered, as more than six years passed between those dates. Wiggins' argument revolves almost entirely around a letter that Gani sent her on February 17, 2015, which she contends showed that Gani was still representing her as of that date. Almost all of the matters discussed in the letter were separate from the criminal action from which the malpractice claims arose. In this letter, Gani discussed Wiggins' possible Medicare suspension and discussed what could be done if Wiggins' medical license were suspended. Gani then informed Wiggins that he had received a call from her husband's property manager. Gani concluded the letter by asking Wiggins to tell him about her status with Medicare. None of this information bore direct relation to Gani's representation in Wiggins' criminal case. The only portion of the letter which was tangentially related to the criminal case was the beginning of the letter, in which Gani told Wiggins that a copy of the August 22, 2014 final judgment was attached and that Gani offered to let her son retrieve anything he needed from her file. These statements do not prove the rendering of legal services; rather, Gani appeared to be tying up loose ends after his representation in the criminal matter.

Wiggins also argues that her position is supported by MCR 2.117(C)(1), which provides in relevant part: "[A]n attorney's appearance applies . . . until a final judgment or final order is entered disposing of all claims by or against the party whom the attorney represents and the time for appeal of right has passed." Wiggins contends that under this court rule, "Mr. Gani then was considered [her] attorney for the duration of the time for an appeal, which in federal court is 14 days."[1] Even if Wiggins did have the right to appeal for 14 days after entry of the judgment of sentence, then Gani's representation would have ended on September 5, 2014, and the malpractice claims would still be barred by the statute of repose. Thus, rather than support Wiggins' position, MCR

---

[1] Wiggins did not provide a citation to authority supporting the assertion that federal courts afford 14 days to file an appeal. But we note that Rule 4(b)(1)(A) of the Federal Rules of Appellate provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed . . . ."

2.117(C)(1) provides an additional basis to conclude that Gani's legal representation had ended before October 26, 2014.[2] For these reasons, Wiggins' claims were time-barred under the statute of repose.[3]

## III. ADJOURNMENT

Wiggins next argues that the trial court erred by denying her request for an adjournment.

We review a trial court's ruling on a motion to adjourn for an abuse of discretion. *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 27; 930 NW2d 393 (2018). An abuse of discretion occurs when the decision falls outside the range of principled outcomes. *Id*. at 27-28.

"A motion for an adjournment must be based on good cause, and a court, in its discretion, may grant an adjournment to promote the cause of justice." *Zerillo v Dyksterhouse*, 191 Mich App 228, 230; 477 NW2d 117 (1991). See also MCR 2.503(D)(1) ("In its discretion the court may grant an adjournment to promote the cause of justice."). "[C]ases where a denial [of a request for adjournment] was proper have always involved some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant." *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991).

In this case, we need not decide whether Wiggins demonstrated good cause for requesting the adjournment because, even assuming the trial court erred, Wiggins did not suffer any injustice as a result of the denial. See MCR 2.613(A) (providing that a court's error does not justify reversal unless failure to do so would be inconsistent with substantial justice). Granting an adjournment would not have changed the fact that Wiggins' complaint was not filed until after the time allotted under the statute of repose.[4] Accordingly, the trial court's order denying Wiggins' request for an

---

[2] Wiggins also asserts that Gani's representation ended in October 2015 when all motions were disposed of in the criminal case. The register of actions from Wiggins' federal case shows that motions for forfeiture were filed throughout 2014 and 2015. These motions were filed by parties seeking forfeiture of Wiggins' property, and Wiggins provides no evidence that Gani represented her until the final order of forfeiture was entered in October 2015.

[3] Because we conclude that the claims were barred by the statute of repose, we need not address whether the claims were also barred by the statute of limitations. We also need not consider Gani's argument that summary disposition would have been proper under MCR 2.116(C)(8), an issue the trial court similarly declined to decide.

[4] Wiggins has also failed to provide this Court with a copy of the transcript from the hearing at which the trial court denied her request for adjournment "for the reasons stated on the record." As appellant, it was Wiggins' duty to submit transcripts from the lower court proceedings. MCR 7.210(B)(1)(a). We cannot review the trial court's exercise of its discretion without having the record of its rationale. See *Nye v Gable, Nelson & Murphy*, 169 Mich App 411, 413; 425 NW2d

adjournment provides no basis for relief.

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett

---

797 (1988) ("We believe it inappropriate to conclude that the trial court was wrong when we do not even know the trial court's reasoning or have benefit of reviewing the arguments made before the trial court at the motion hearing.").