*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEW PRODUCTS CORPORATION,

Plaintiff-Appellant,

UNPUBLISHED
May 18, 2023

v

No. 361412
Wayne Circuit Court
LC No. 21-003072-NM

BUTZEL LONG,

Defendant-Appellee.

Before: GLEICHER, C.J., and HOOD and MALDONADO, JJ.

GLEICHER, C.J. (*concurring*).

This case exemplifies gotcha lawyering.

Rather than honoring an agreement extending the time for filing New Products Corporation's legal malpractice claim, Butzel Long seeks to dodge its liability by exploiting an intervening and unforeseeable event – the passage of a statute of repose applicable to legal malpractice actions. Not only was the statute an unpredictable event, Butzel had specifically stipulated, in writing, to the precise timing of New Products' lawsuit. The majority correctly rejects Butzel's malign effort to abandon its commitment, holding that the contract controls. I write separately to suggest another reason that the majority opinion rests on legally solid ground.

In 2008, New Products hired Butzel to protect its interest in a valuable piece of real property. Butzel neglected to timely file an action to clear title and to enjoin the property's hostile use. This Court subsequently held that New Products should have sued in September 2008, when construction on the land began, rather than in 2011. *New Prods Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 629 n 3; 953 NW2d 476 (2019).

Butzel understood that it might bear liability for its failure to protect New Products' interest in the land. The parties entered into an agreement tolling the statute of limitations to permit New Products to retain other counsel to clean up the legal mess Butzel had made. As Butzel's lawyer admitted during oral argument, tolling agreements are common in legal malpractice cases. By forestalling a legal malpractice suit, such agreements afford an opportunity to remedy a lawyer's

error, saving defense costs and face.[1]  As New Products' 2011 lawsuit dragged on, the parties repeatedly extended their tolling agreement.

The 2011 tolling agreement explained that "[a]ll applicable Statutes of Limitation as to the Claims are tolled, effective immediately.  The Parties waive any Statute of Limitation or laches defense based upon the lapse of time under the applicable Statute of Limitations or laches for the time period covered by this Agreement."  The agreement was "in effect until 60 days after" a final adjudication of the land case.  New Products filed this suit within the 60 days.

While the tolling agreement was in effect and the attorneys for New Products were toiling to undo the damage done by Butzel's failure to file a timely action, the Legislature passed a statute of repose applicable to legal malpractice cases.  MCL 600.5838b(1)(b), which took effect on January 2, 2013, bars a legal malpractice claim filed more than six years after the act or omission underlying the claim.  Here, the omission occurred in 2008 when Butzel failed to act to protect New Products' interests.  When New Products filed its timely suit under the tolling agreement in 2021, Butzel invoked the 2013 statute of repose.

In the trial court, New Products unsuccessfully argued that the 2013 statute of repose is not retroactive, and that the contract's plain language expressed the parties' intent that a malpractice lawsuit could be filed after New Products' efforts to right Butzel's wrongs were exhausted.  My colleagues find the latter argument meritorious and reverse.  Guided by the Michigan Supreme Court's opinion in *Buhl v Oak Park*, 507 Mich 236; 968 NW2d 348 (2021), I would reverse on a second ground as well: the 2013 statute of repose is not retroactive.

Butzel's argument in favor of retroactivity rests on this Court's 2017 opinion in *Nortley v Hurst*, 321 Mich App 566; 908 NW2d 919 (2017).  In *Nortley*, the plaintiff's legal malpractice claim accrued in 2009, but the complaint was not filed until 2016.  *Id*. at 571.  The plaintiff argued that the statute of repose did not bar the action because the claim had accrued before the statute was enacted, and the Legislature did not intend it to apply retroactively.  *Id*.  After discussing a few general rules about retroactivity, this Court noted that there is an exception to the general rule of prospective application if the case involves "a statute that is remedial or procedural in nature and whose retroactive application will not deny vested rights."  *Id*.

*Nortley* did not hold that the 2013 statute of repose *always* applies retroactively.  Rather, the Court concluded that under the unusual circumstances presented in that case, retroactive application did not deny the plaintiff a vested right.  *Id*. at 571-572.  The *Nortley* Court also relied on the "procedural" nature of statutes of repose.  Citing *Davis v State Employees' Retirement Bd*, 272 Mich App 151; 725 NW2d 56 (2006), the Court gave the green light to retroactivity.[2]  *Nortley*,

---

[1] New Products sued Butzel in 2011, but voluntarily dismissed the case without prejudice when the parties entered into a second tolling agreement.

[2] *Davis* explained: "There is an exception to the general rule that newly enacted statutes are presumed to apply prospectively, which exception provides that no such presumption exists where the statute is remedial or procedural in nature, as long as it does not deny vested rights."  *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 158; 725 NW2d 56 (2006).

321 Mich App at 572. *Nortley* applied the statute of repose based on its conclusion that the plaintiff had two years to sue before the 2013 statute of repose would have barred her suit. *Id.*

The controlling distinction between *Nortley* and this case is the parties' tolling agreement. No such agreement existed in *Nortley*. Here, the parties specifically agreed that suit could be brought 60 days after a final adjudication of the underlying claim. Whether or not the parties should have included the words "statute of repose" in the agreement, the majority correctly holds that they intended that New Products could withhold suit until the underlying case concluded.

Viewed through a different legal lens, the tolling agreement endowed New Products with a "vested right" to bring suit 60 days after the conclusion of the underlying case. Because retroactive application of the statute of repose would impair that vested right, it is impermissible.

In *Buhl*, 507 Mich at 244, the Supreme Court highlighted that when assessing a statute's retroactivity, a careful inquiry into legislative intent, is required – an inquiry that the *Nortley* Court never undertook. The "inquiry into the Legislature's intent" mandated in *Buhl* requires the evaluation of four factors, also know called "the *LaFontaine* factors":

> "First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." [*Id.* at 244, quoting *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 38-39; 852 NW2d 78 (2014).]

Applying the pertinent *LaFontaine* factors here, as required by *Buhl*, leads to a determination that under the circumstances presented, MCL 600.5838b is not retroactive.[3]

In *LaFontaine*, the Supreme Court introduced its discussion of retroactivity with a caution: "Retroactive application of legislation presents problems of unfairness because it can deprive citizens of legitimate expectations *and upset settled transactions*." *Id.* at 38 (cleaned up, emphasis added). The tolling agreement at issue here is one such "settled transaction." *LaFontaine* reinforced that "[w]e have . . . required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect." *Id.* In other words, "In determining whether a statute should be applied retroactively or prospectively only, the primary and overriding rule is that legislative intent governs. All other rules of construction and operation are subservient to this principle."

---

[3] The second factor is not relevant here, just as it was not in *Buhl*, because MCL 600.5838b "does not pertain to a specific antecedent event." *Buhl*, 507 Mich at 244.

*Frank W Lynch & Co v Flex Techs, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001) (cleaned up).[4] Summarizing, *LaFontaine*'s four factors limit the retroactivity of remedial statutes, whether procedural or substantive, to those which were intended by the Legislature to be retroactive, and which do not impair settled rights or obligations.

Turning to this case, the Legislature did not signal that the statute of repose it engrafted on legal malpractice cases was intended to have retroactive effect. This legislative silence about retroactivity counsels that the statute should be applied only prospectively. See *LaFontaine*, 496 Mich at 40.

The third *LaFontaine* factor instructs that a statute "may not be applied retroactively if doing so would take away or impair vested rights acquired under existing laws[.]" *Buhl*, 507 Mich at 246 (cleaned up). Our Supreme Court has explained:

> In its application, as a shield of protection, the term "vested rights" is not used in any narrow or technical sense, or as importing a power of legal control merely, but rather as implying a vested interest which it is right and equitable that the government should recognize and protect, and of which the individual could not be deprived arbitrarily without injustice. [*Leonard v Lans Corp*, 379 Mich 147, 157; 150 NW2d 746 (1967) (cleaned up).]

Necessarily, "vested rights" may include express contractual rights. Equally necessarily, a statute cannot be applied retroactively if it "abolishes an existing cause of action," which is an interest worthy of protection:

> The general rule against retrospective application has been applied in cases where a new statute abolishes an existing cause of action. It is clear that once a cause of action accrues,—*i.e.,* all the facts become operative and are known—it becomes a "vested right". A new statute which abolishes an existing cause of action brings the statute within the general proscription of rule three. [*In re Certified Questions from US Court of Appeals for the Sixth Circuit*, 416 Mich 558, 573; 331 NW2d 456 (1982) (citations omitted).]

New Products had two types of vested rights: the right to sue within a specific time conferred by the tolling agreement, and a viable cause of action for legal malpractice against Butzel. The first right vested in 2011, when the parties signed the last tolling agreement. The second right vested when Butzel committed legal malpractice in 2008. At that point, the "facts became operative" and were known to the parties. The parties affirmatively recognized the existence of the vested cause of action when New Products voluntarily withdrew its 2011 legal malpractice lawsuit in exchange for Butzel's agreement that the suit would be timely if brought 60 days after the final adjudication of the companion suit filed that same year. Under *Buhl* and

---

[4] The Legislature fully agrees with this legal principle. MCL 600.5869 provides: "All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions or right of entry."

*LaFontaine*, it would be inequitable to deprive New Products of an opportunity to seek redress for Butzel's negligence.

The fourth *LaFontaine* factor states, "[A] remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." *LaFontaine*, 496 Mich at 39. In the recent opinion of *McClain v Roman Catholic Diocese of Lansing*, ___ Mich App___; ___ NW2d ___ (2023) (Docket Nos. 360163, 360173), slip op at 9, this Court explained:

> In *Davis*, 272 Mich App at 160-161, this Court explained, "In the context of the 'procedural' exception, statutes of limitations, while generally coined as procedural, necessarily affect substantive rights where causes of action can be lost entirely because the action is time-barred." *Davis* went on to hold that "the general remedial-procedural exception to prospective application" does not apply to statutes of limitations that had completely run. *Id*. at 162.

The fourth *LaFontaine* factor does not apply in this case because retroactivity of the statute of repose affects a vested right.

Because New Products' right to sue Butzel vested before the 2013 enactment of MCL 600.5838b(1)(b), the statute of repose may not be imposed retroactively. With these added observations, I join the majority.

/s/ Elizabeth L. Gleicher