*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THOMAS DELANE-LARUE HAYTER,

Defendant-Appellant.

UNPUBLISHED
December 23, 2024
9:49 AM

No. 366801
Isabella Circuit Court
LC No. 2020-001226-FH

Before: BORRELLO, P.J., and MALDONADO and WALLACE, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of assault by strangulation, MCL 750.84(1)(b). The trial court initially imposed a sentence of three years' probation and 108 days in jail, with credit for 108 days served. Defendant repeatedly violated the terms of his probation and his probationary sentence was revoked. The trial court departed from the recommended sentencing guidelines minimum range of 19 to 38 months and imposed a sentence of 76 to 120 months' imprisonment. Defendant now appeals by leave granted.[1] We affirm, but remand for the ministerial task of removing a challenged reference to other criminal charges from the presentence investigation report (PSIR).

## I. BACKGROUND

This matter arises as a consequence of a violent altercation between defendant and his then-girlfriend, who was 14-weeks pregnant at the time. The altercation began with an argument and eventually became violent – defendant strangled the victim, kicked her in the back, and then locked her in a room without a door handle, causing her to have to yell out a window for help. After criminal charges were filed against defendant, the victim sent a letter recanting her allegations and noting the interests of their family. Subsequently a plea agreement was reached, which the trial court accepted. The legislative sentencing guidelines recommended a minimum sentence of 19 to

---

[1] *People v Hayter*, unpublished order of the Court of Appeals, entered September 14, 2023 (Docket No. 366801).

38 months and there was no objection to the scoring of the guidelines. The court sentenced defendant to three years' probation and 108 days in jail, with 108 days of jail credit for time served. Over 40 conditions of probation were imposed including, generally, that defendant was not to violate the law, was to report to the probation officer as directed, was not to possess or use unprescribed controlled substances, and was not to contact the victim in any manner.

Subsequently defendant was charged with violating the terms of his probation multiple times. In fact, the first violation occurred on the same day he pleaded guilty; he contacted the victim.[2] He pleaded guilty and was sentenced to serve 120 days in jail. His probation was continued. The second violation included that he was at the victim's house and he had tested positive for methamphetamine. Before he could be sentenced, defendant absconded for approximately eight months. Subsequently, a third violation included the failure to report to his probation officer. Eventually, defendant was arrested and pleaded guilty to these violations of his probation conditions. The prosecution requested that the trial court impose a minimum sentence of 80 months in prison.[3] Defendant's counsel requested that the court stay within the sentencing guidelines range.

Ultimately, the court departed upward from the sentencing guidelines range of 19 to 38 months and imposed a minimum sentence of 76 months. The court explained its decision by first listing several sentencing considerations, like discipline, protection of society, potential for reformation, and deterrence. The court considered the proportionality of the sentence by noting the serious nature of the offense—assault by strangulation of a woman who was 14 weeks pregnant—as well as defendant's background, including that he was originally sentenced to probation, the terms of which he admittedly violated multiple times, despite the fact that he could have originally been sentenced as a fourth-offense habitual offender to a maximum minimum sentence of 76' months' imprisonment. The court noted that these two factors were not considered by the guidelines. Further, the court considered that defendant's potential for rehabilitation was, essentially, poor, and highlighted defendant's extensive criminal history, which started when he was 17 years old, and included seven prior felonies and eight misdemeanors. The court explained that defendant had "been on probation multiple times in the past with all supervised terms ending unsuccessfully and discharged due to continued probation violations. Additionally, many of the defendant's past criminal offenses were committed while on probation supervision."

Thereafter, defendant filed a motion, challenging his sentence as invalid premised on multiple grounds, including (1) offense variable (OV) 8 was misscored; (2) his sentence was unreasonable, unexplained, and unsupported by record evidence; (3) the court improperly considered then-pending criminal charges and such information must be stricken form the PSIR;

---

[2] At the plea hearing that day, defendant requested that the no-contact order be lifted because he had a child with the victim and the victim was due to give birth to their second child in two months. The trial court denied that request and stated that the issue could be raised at sentencing. Thus, defendant clearly knew he was not allowed to contact the victim, yet contacted her that same day nonetheless.

[3] The 80-month request was the highest possible minimum sentence pursuant to *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).

and (4) the fees imposed, as well as the garnishment, posed improper hardships while he was in prison.

The trial court rejected defendant's arguments, concluding that OV 8 was properly scored, and noted that it did not consider—as stated clearly at the time of sentencing—then-pending criminal charges when imposing defendant's sentence but their inclusion in the PSIR was accurate because those charges were pending at the time of sentencing. The court also held that its departure from the sentencing guidelines range was reasonable and supported by sufficient reasoning, stating:

> The sentence would have been within the sentencing guidelines had the Habitual 4th not been dismissed as part of the plea agreement in this matter. However, even aside from that fact, the 76 month minimum was not unreasonable when considering the seriousness of the offense, the defendant's extensive criminal history and the multiple probation violations in this matter. . . .

The court also noted that it "stated on the record that the initial sentence was for a very serious offense and the victim was 14 weeks pregnant at the time of the offense. The court further listed defendant's multiple probation violations, including absconding, violating the no contact order multiple times, and testing positive for [illegal controlled substances]." Finally, the court held that defendant failed to establish that the fees imposed and garnishment created a financial hardship, particularly in light of defendant's earnings while in prison.

This appeal followed.

## II. STANDARDS OF REVIEW

A court's denial of a motion for resentencing is reviewed for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014).

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The score must be supported by a preponderance of the evidence. *Id*. The trial court's interpretation and application of the guidelines are reviewed de novo. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009).

The proportionality of a trial court's sentence is reviewed for an abuse of discretion. *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citations omitted). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality, which requires that the sentence be proportional to the seriousness of the circumstances surrounding the offense and offender." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003).

This Court reviews a trial court's decision to waive costs and fees for an abuse of discretion. *Lewis v Dep't of Corrections*, 232 Mich App 575, 580; 591 NW2d 379 (1998). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *Lane*, 308 Mich App at 51.

## III. SENTENCING CHALLENGES

### A. OV 8

Defendant first argues that OV 8 was misscored at 15 points. We disagree.

Fifteen points are scored for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense[.]" MCL 777.38(1)(a). Defendant argues that there was no evidence the victim was taken to a place of greater danger or that she was held captive longer than was required to commit the offense.[4]

Offense variable 8 was correctly scored because the evidences shows that the victim—defendant's then-pregnant girlfriend—was held captive longer than needed to commit the assault. The term "captive" is not defined in the statute, and it is not a legal term of art. But this Court has previously defined the word in *People v Allen*, 331 Mich App 587, 599 (footnote omitted); 953 NW2d 460 (2020), vacated in part on other grounds 507 Mich 856 (2021): "We hold that a victim is held captive under OV 8 when the defendant exerts either physical restraint or psychological influence over the victim."

The record indicates that after she was assaulted, the victim was confined in a bedroom. She was unable to open the door and exit because defendant put his fingers through a hole in the door where the door handle would have been and held it closed, i.e., he used physical force to keep the door closed so she could not exit through it. By doing so, defendant physically restrained the victim from leaving the bedroom. Because defendant has not shown that OV 8 was misscored, we also reject defendant's argument that his trial attorney rendered ineffective assistance for failing to object to the scoring. See *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998) (explaining that "trial counsel cannot be faulted for failing to raise an objection or motion that would have been futile").

### B. DEPARTURE SENTENCE

Defendant next argues that the trial court failed to justify the departure from the sentencing guidelines range and the extent of that departure. We disagree.

A sentencing court has the discretion to depart from the guidelines minimum range when the court determines that the recommended range is inconsistent with the principle of proportionality. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). "A sentence that

---

[4] As the prosecution has noted, the prosecution never argued that the victim was taken to a place of greater danger; rather, the prosecution argued that the victim was held captive longer than was required to commit the offense.

-4-

departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). A reasonable sentence is one that is consistent with the principle of proportionality set forth in *Milbourn*, *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017), which requires that a sentence imposed be proportionate to the seriousness of the offense and the offender. *People v Steanhouse*, 500 Mich 453, 472, 475; 902 NW2d 327 (2017). Factors that a court may consider when fashioning a sentence consistent with this principle include the gravity of the offense, circumstances not considered or not adequately considered by the guidelines, misconduct committed by a defendant while in custody, and a defendant's rehabilitative potential. *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019), quoting *Walden*, 319 Mich App at 352-353. Rehabilitation is one of the recognized goals of sentencing, along with deterrence, the protection of society, and punishment of the offender. *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972).

As stated by the court at sentencing, strangling a woman who is 14 weeks pregnant is a very serious offense. Although the victim recanted her allegations, the statements she gave to officers on the scene immediately after the assault indicated that it was a very violent and prolonged attack. Further, even though an additional charge of unlawful imprisonment was dismissed pursuant to defendant's plea agreement, the record clearly establishes that defendant did confine her in the bedroom, thereby preventing her from escaping. The fact that she was able to summon help by yelling to someone from the bedroom window is a fortunate circumstance, not a factor that mitigates the seriousness of the criminal behavior.

Further, as the trial court noted, defendant also has a significant criminal history. The PSIR indicates that defendant has seven prior felony convictions and eight misdemeanor convictions as an adult. His score of 10 points for prior record variable (PRV) 5 indicates that only three or four of the listed eight misdemeanor convictions were scored. See MCL 777.55(1)(c) (providing that the variable should be scored at 10 points when the defendant "has 3 or 4 prior misdemeanor convictions"). Further, although 30 points were assessed for PRV 2, this score does not account for all of defendant's felony convictions. Thirty points are assessed for PRV 2 when a defendant "has 4 or more prior low severity felony convictions." MCL 777.52(1)(a). The 30-point score did not adequately account for defendant's additional three felony convictions, and therefore did not adequately address the extent of defendant's criminal history, which implicates the defendant's risk of reoffending. See *People v Odom*, 327 Mich App 297, 318; 933 NW2d 719 (2019) (stating that the defendant's departure sentence was reasonable "given defendant's extensive criminal history and tendency to reoffend"). The fact that defendant had seven felony convictions in the 10 years since he was 17 years old evidences a pronounced difficulty in conforming his behavior to the law, as do his numerous probation violations. Both call into question his potential for rehabilitation. Indeed, his first probation violation was committed on the very same day he pleaded guilty to the offense at issue. He absconded for approximately eight months. Additionally, the PSIR indicates that for his seven prior felony convictions, defendant was placed on probation six times, and that he violated probation multiple times. His continuing criminal behavior indicated that he had learned little, if anything at all, from the opportunities he was given by the sentencing courts to alter his behavior without being imprisoned.

## C.  OTHER CHALLENGES

Defendant next argues that he was improperly sentenced as a fourth-offense habitual offender without a habitual-offender notice having been filed.  However, there is no indication in the record that defendant was subjected to habitual-offender sentencing.  Rather, the record indicates that a habitual-offender notice was dismissed pursuant to the plea agreement.  The trial court merely noted that the upper limit of defendant's sentencing guidelines range *would have been* 76 months had he been sentenced as a fourth-offense habitual offender.[5]

Defendant also raises a cursory argument that the trial court erred by rejecting his argument that the collection of fees should be delayed and the 20% late penalty imposed pursuant to MCL 600.4803(1) should be waived.  We disagree.  "[C]ourts should only hold that a prisoner's individual circumstances warrant amending or reducing the remittance order when, in its discretion, it determines that enforcement would work a manifest hardship on the prisoner or his immediate family."  *People v Jackson*, 483 Mich 271, 296-297; 769 NW2d 630 (2009).  Defendant asserts that the remittance of monies from his prisoner account and the late fee imposed "will create a manifest hardship" for him.  However, he fails to provide any evidence in support of that conclusory contention.

Finally, defendant argues that the trial court erred by not striking from the PSIR a reference to new criminal charges that were pending when he was sentenced to a term of imprisonment, but that were dismissed soon thereafter.  The court correctly ruled that the challenged reference was accurate at the time of sentencing.  Therefore, as with defendant's argument that OV 8 was misscored, defendant's counsel cannot be faulted for failing to seek to strike the information prior to sentencing.  See *Fike*, 228 Mich App at 182.  Nonetheless, defendant is correct that the contents of the PSIR can impact how the Michigan Department of Corrections handles his incarceration and decisions made by the Parole Board.  *People v McAllister*, 241 Mich App 466, 477 n 3; 616 NW2d 203 (2000) (noting that a PSIR "may have ramifications for purposes of security classification and may be considered by parole officials at the appropriate time").  Given this, and because the court stated it did not consider the pending charges, we remand the case for the ministerial task of striking the reference from the PSIR.

Affirmed, but remanded for the ministerial task of striking the reference in the PSIR to the

---

[5] As the prosecution notes, "[i]f the Habitual 4th Notice had been filed and the Trial Court was sentencing Defendant-Appellant accordingly, the Trial Court would have in all likelihood increased the maximum for any term above the 120 months, or even Life. But it did not do so, indicating this was not a Habitual 4th sentence."

criminal charges that were pending when defendant was sentenced to prison.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace